TRON OLSON *vs.* MATHEA JOHNSON, impleaded, etc.

February 2, 1877.

**Bastardy—Relief from Bond given by Defendant for Support of Child.**—In proceedings under the bastardy act the plaintiff was adjudged to be the father of a bastard child, begotten upon the body of defendant, Mathea Johnson, and he was adjudged to pay said defendant, or to the clerk for her, "for the support and maintenance of the child," certain sums per week, and also to give a bond to the county commissioners for the faithful performance of the judgment. The bond was executed, and plaintiff has duly performed its condition. *Held,* that the facts, as alleged in the complaint—that, since the proceedings in bastardy, said defendant has married one Johnson, in the state of Iowa, and that she "did immediately thereafter leave, desert, and abandon, and has ever since left, deserted, and abandoned, her said bastard child to the charitable care of strangers, in the state of Iowa, where said child yet remains," and that the plaintiff is willing and able, and now offers, to care for and suitably rear and educate the said child, and adopt and treat it as his own, and is willing, and offers, to give to the defendant, the board of county commissioners, such security as the court shall deem adequate that the said child shall never become a county charge or a public expense, and for the performance of any decree which the court may deem just and equitable—entitle the plaintiff to no relief in this action as respects the judgment or bond above mentioned, or the care and custody of the child.

This action having come on for trial in the district court for Houston county, *Page*, J., presiding, the defendant, Mathea Johnson, moved for a dismissal, for failure of the complaint to state a cause of action. The motion was granted, and judgment entered for defendant, from which the plaintiff appeals.

*O'Brien & Smalley*, for appellant.

*W. H. Harries*, for respondent.

BERRY, J. At the May (1871) term of the district court for Houston county, upon a trial under the bastardy act, (Gen. St. c. 17,) the plaintiff was adjudged to be the father of a bastard child, begotten upon the body of the defendant, Mathea Johnson. Sections 6 and 7 provide that the person so adjudged to be the father of a bastard child may " be charged with the maintenance thereof, in such sum or in such manner as the court may direct," and that he " shall

give bond, to the commissioners of the proper county, with sufficient sureties, to be approved by the court, for the performance of such judgment and order." Under these sections plaintiff was adjudged to pay to the defendant, or to the clerk for her, " for the support and maintenance of the child," certain sums, varying from $1 to $1.50 per week, to be paid semi-annually, and he was also adjudged to give a bond to the county commissioners of said county, in the sum of $800, conditioned for the faithful performance of the judgment. The bond was executed, and the plaintiff has duly performed its conditions.

The complaint, which was verified October 9, 1875, alleges " that, on or about January 19, 1875, the defendant married one Ingebright Johnson, in the state of Iowa, and did immediately thereafter leave, desert, and abandon, and has ever since left, deserted, and abandoned, her said bastard child to the charitable care of strangers in the state of Iowa, where said child yet remains." Admitting that plaintiff is father of the child, the complaint proceeds to allege that he is " willing and able, and now offers, to care for and suitably rear and educate the said child, and adopt and treat it as his own, and is willing, and offers, to give to the defendant, the said board of county commissioners, such security as the court shall deem adequate that the said child never become a county charge or a public expense, and for the performance by him of any decree in the premises which the court may consider just and equitable." For relief the complaint prays, *first*, that he may be decreed entitled to the possession and custody of the child, upon executing a bond running to the county commissioners of Houston county, conditioned to save the county harmless from any costs or liability on account of said child ; *second*, that, upon filing said bond, the county commissioners be adjudged to deliver up to plaintiff the bond heretofore executed as aforesaid, to be cancelled ; *third*, that, upon filing the proposed bond, the defendants be forever restrained from attempting

to enforce the collection of any money under the judgment aforesaid, or the bond given to secure the same; and also for general relief. Upon motion of the defendant Mathea Johnson, (who alone appeared,) the court below dismissed the complaint for failure to state a cause of action.

The judgment in the bastardy proceedings, not having been appealed from, is conclusive. One effect of the judgment is to compel the plaintiff to pay to the mother a specified allowance for the support and maintenance of the child, to the custody of which she, as mother, is in law entitled. Tyler on Infancy, § 189. If she neglects to support and maintain the child, this is no reason why the plaintiff should be relieved from the payment of the allowance, nor from the obligation of his bond; and as for any proposition to substitute something else in the place of the allowance and his bond, there is no authority whatever for entertaining it. Under the judgment, the mother is invested with a species of trust, as respects the allowance made for the support and maintenance of the child. If she fails to perform the trust, she may be compelled to perform it, or she may be superseded, and another appointed in her place, to see to the expenditure of the allowance; and, if necessary, the child can be put under guardianship. But, as respects any of these remedies, it is not for the plaintiff, acting for himself, (as in this action,) to seek them, but for some one acting in behalf of the child. As respects such remedies, the plaintiff would not be the real party in interest. As father of the child he has, in law, no better title to its custody, and no more right to act for it, than any other person. Tyler on Infancy, § 189.

Judgment affirmed.