EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD
COMPANY *v.* DENNIS HUMPHREYS, Adm'r.

1. PRACTICE.  *Withdrawing incompetent proof.*  If incompetent proof go
to the jury, and the court afterwards definitely withdraw it, with
proper instructions, it is no cause for reversal.

2. SAME.  *Charge of court.*  The whole of the charge must be considered
in order to a fair test of its correctness.

3. RAILROADS.  *Statutory precautions.*  The statutes to prevent accidents on
railroads, embody no more than the common law.   It never was the
*legal* right of a railroad company to refuse to use all possible means
to stop its train and avoid an accident when any person, animal or
other obstruction appeared on the track.

4. CONTRIBUTORY NEGLIGENCE.  *Mitigation of damages.*  The contributory
negligence of a person injured on a railroad, where the statutory pre-
cautions were not complied with, may be looked to in mitigation of
damages.

5. CRIMINAL NEGLIGENCE. *Charge of court.* It is not error to refuse to charge the jury in a civil suit for .damages, that under section 4643, it would require the same character of proof as it would to convict an engineer of a felony.

. FROM CARTER.

Appeal in error from the Circuit Court of Carter county. NEWTON HACKER, J. .

. W. M. BAXTER and JOHN ALLISON for Railroad.

S. J. KIRKPATRICK for Humphreys.

FREEMAN, J., delivered the opinion of the court.

This suit was brought by the administrator of William Humphreys, to recover damages for killing his intestate by a train of cars.

The declaration contains two counts, the first charges the injuries to be by defendant's servants and employees in charge of a freight train, "unlawfully, carelessly and negligently running the same over the body of the plaintiff's intestate, and so wounding him as to kill him." The second count avers that plaintiff's intestate was upon the track of defendant's road when said freight train was being run thereon by their servants, and being on the track in such way as that he might have been seen by the servants of the company—yet because said servants nor any of them were on the lookout ahead upon the locomotive, and because they failed to sound the alarm whistle, put down brakes and use every possible means to prevent the injury, defendant was run over and killed.

The jury found for the plaintiff, from which judg-

ment the railroad company has appealed in error to this court.

An earnest and ingenious argument is made for reversal on the facts of the case. We need but say, that after a careful examination of the testimony, there is not only ample testimony to support the verdict under the rules of this court, but a probable preponderance in favor of the finding of the jury. The theory of the plaintiff in the testimony is, that the boy killed was lying ten or twelve feet west of a cattle-gap on the road—probably asleep—we think the facts show he had wrapped himself in a quilt or shawl and gone to sleep on the track, as the witnesses on both sides agree he had the covering about him when he was struck. The plaintiff sought to show that the boy, in this position, could have been seen by any one on the lookout on the locomotive. That this is true is beyond question.

It is claimed by plaintiff that there was no lookout, and by reason of this neglect, the boy was not seen until the train was so near him as to render it impossible to check the train. If the facts be as plaintiff claims, it is certain there was no lookout, or he failed of his duty. The defendant's proof goes on the same view, as to the time he was seen—that is, when the train was too near him to stop it. But the engineer and other witnesses for the defendant insist the boy was lying in the cattle-gap on one of the pillows, and only raised himself up so as to be seen when the engine was from twenty to thirty yards of him.

Railroad v. Humphreys.

These witnesses swear he was first seen lying on his side, resting on his elbow, with head above the rails, looking directly at the engine when the whistle blew, and the engineer says he lay unmoved, in this position until he was run over. That he saw him last in this position when the pilot was in from one foot to two feet of striking him. This is incredible. The jury were well warranted in disregarding the story. The boy is shown to have been twelve years old, intelligent and sprightly. He is shown to have been cheerful an hour or so before this, engaged in the boyish sport of vexing a calf by throwing a sack over it and laughing over its alarm. It is contrary to all human experience, that such a boy would calmly rest himself on his arm, and look an engine in the face without moving, while it ran over him. A madman would scarcely have been so reckless and cool— a boy of twelve years, in good health and of sound mind, never. This is the sole theory of defendant in the testimony.

The plaintiff proves by witnesses who saw where he was lying, and saw the engine strike him, that he was lying on the track beyond the gap, and this testimony is abundantly corroborated by the facts. The verdict must stand unless there be error of law.

We proceed to dispose of the supposed errors of law urged on our attention. We do not deem it necessary or proper that we shall elaborately discuss all of them. While we can appreciate the zeal of counsel, and feel the ability and ingenuity exhibited by them, yet as a court we cannot see the need of

arguing at length questions which we have settled so often that further discussion is a work of supererogation.

We shortly dispose here of one question. It is insisted that the admission of a transcript showing that Johnson City was an "incorporated taxing district," and proof of the fact that the collision and killing took place within a mile of that place, and then only withdrawing this evidence in his charge to the jury, is reversible error.

There is nothing in this. While it is desirable that none but competent testimony should be permitted to go to the jury, yet, as we have often held, if such should go, and the court should afterwards definitely withdraw it from the jury, with proper instructions, it is no cause for reversal. In some cases, where the testimony was of such a character as to inflame the passions or arouse the prejudices of a jury, as in a case soon after the war, where proof was made of a party being a rebel, we have intimated, if not held, such cases might be exceptions.

But this is not such a case. The distance from Johnson City is proven as any other fact in the case, and might well have been competent in any view, as showing where the accident occurred. The other fact that Johnson City was incorporated is a simple and single fact easily seen and understood by the jury. No possible prejudice could be excited by the proof of these facts. His honor in definite terms withdrew this testimony in his charge, telling them they were not to consider it, pointing out the statute and section of the Code under which it had been admitted.

Railroad *v.* Humphreys.

We can see no possible influence the testimony could have had on the jury. The case stood well proven before them on the real theory of the plaintiff in its proof, that there was negligence in not having a lookout on the locomotive, and needed no support from this direction. In fact the case of plaintiff would not have been as strong on the ground presented in the objection, as the engineer swears definitely he was blowing the signal of approaching a town as required by the statute referred to, and there is less to contradict him on this point than on the other issue.

It is next objected that his Honor charged erroneously, when he is quoted as saying: "Therefore if the statutory precautions have not been observed, the railroad company would be liable, although it may appear that the observance of them would not have prevented the accident." He qualified this, however, in the next sentence by saying: "But if a person or animal, or other obstructions, should appear upon the road so suddenly as to make it impossible to perform all the statutory precautions, the company would not be liable for an accident provided its agents and employees did all they could at the time to prevent the accident."

We need scarcely say the whole of what a court charges must be taken in order to a fair test of its correctness. Every proposition cannot be stated in one sentence or at the same time. That the statement of the law by his Honor is correct, no reasonable mind, it seems to us, can doubt.

As we have said in several cases, the requirements of sec. 1166, and sub-sections, embody no more than the common law, and every other enlightened system of jurisprudence demands at the hands of every citizen. The statute has only shifted the burden of proof. It never was the law that any citizen would not be responsible if he saw another on his track, even a trespasser, and rode over him when he could have avoided it. It never was the *legal* right of a railroad company to refuse to use all possible means to stop its train and avoid an accident when any person, animal or other obstruction appeared on the track. A collision in such case is almost certain death to man or animal. If it be other obstruction the lives of persons on the train would be imperiled, so that in either case the duty to check the train and avoid an accident is but the dictate of common sense as well as humanity. The opposite view would involve the proposition that a railroad company might at its option kill or maim any trespasser on its track when it could have avoided doing so. The statement of the proposition is to refute it.

His Honor, in order that the jury might have the qualifications of the rule given, repeats the proposition that impossibilities are not required of railroads.

On the question of what is called contributory negligence, his Honor instructed the jury clearly, as has been repeatedly ruled by this court, a summary of all our decisions having been made at this time in the case of *East Tennessee, Virginia & Georgia Railroad* v. *Fain* (12 Lea, 35), by Judge Cooper.

The same may be said of the question of mitigation of damages in case the deceased was also guilty of negligence, and they were directed that such negligence was to be considered in mitigation of damages in proportion as they should find it slight or gross.   In fact we think the charge as given was as distinctly applicable to the issues made in the case as any we have seen, and then out of abundant caution the jury were told that the fact that "defendant was a corporation was not to weigh *in the least* with them in coming to a verdict."    Answers of his Honor to instructions requested by counsel are urged for refusal.

There is first a general request to instruct the jury specifically, and as applied to the facts of this case, what would constitute contributory negligence on the part of the deceased William Humphreys, and how far and in what way such contributory negligence, if any, must be looked to by the jury in assessing damages

His Honor might well have declined to make any response to this request, as it presented no principle of law for his action, and he had charged the rule already.    Besides he had charged on the precise question, and properly.    He, however, did give a case of contributory negligence by saying "If the evidence should show the deceased voluntarily went on the track, not at an established crossing, with knowledge that a train was likely soon to pass, and laid down upon the track, and went to sleep, that would be such contributory negligence as the jury should take into consideration in estimating damages, provided they found the company had failed to comply with

statutory regulations." He 'adds, the damages should be mitigated in proportion as the negligence of plaintiff was slight or gross. Some criticism is made on the statement that if he knew a train would soon pass on, and had gone to sleep. But this is simply hypercritical. It is a fair response to the general request, and in fact is strictly applicable to the main facts of the case as made by plaintiff. The boy lived in a few hundred yards of the road, knew the time of its trains, and was probably, if not certainly, asleep. The case put is a case of contributory negligence, and if defendant wanted more specific instructions as to other phases of the case, it was the duty of counsel to point out by specific request what was sought. There is nothing in the question made on this point. Objection is taken to the fact that witnesses for plaintiff are shown to have been in the office of counsel of plaintiff the day before the trial, and there given statements in each other's hearing of what they knew of the case, his Honor telling the jury they could look to these facts and give them such weight as they thought they were entitled to under the circumstances shown in the proof. This was certainly all that could have been asked properly. In fact we do not see that it was of special import in any aspect of it.

The only other request was based on the proposition that by section 4643 of the Code it is a felony for a person connected with a train to fail to observe the precautions prescribed by statute, whereby any person shall be killed. It was in substance that it

Railroad *v.* Humphreys.

would require the same character of proof to convict an engineer of a felony under the statute referred to as to make out a case for damages as against a railroad company in this case, the only difference being in the criminal case the State would have to make out the facts beyond a reasonable doubt, and in the civil case it must be made out by a preponderance. We only say of this that we take the learned counsel who present this objection could not very earnestly insist it ought to have been charged. In fact it would have been wrong had it been given, and could only have served to confuse the jury by introducing the case of a criminal trial, and the rules of law applicable in such a case in a civil case to which they were not applicable. There was no error in this.

We only add, that the amount of the verdict, $3,500, the damages claimed being $20,000 for killing a poor boy only twelve years of age, whose expectation of life was many years—and that, as the jury have found by a violation of an express statutory requirement, a reckless neglect and oversight, shows that they have no doubt given all proper weight to his Honor's direction, to mitigate the damages in proportion as the negligence was slight or gross.

The Commission of Referees have recommended a reversal of this case on the ground that in his Honor's reply to the general request No. 1, to state the rule as to what constituted negligence, his Honor only stated the rule as applicable to plaintiff's case, when he gave the case of the boy asleep on the track. That he ought to have also given the rules applicable to de-

fendant's theory on this subject of mitigation of damages.  In this they erred.  First, because defendant had no theory of the case based on the idea of mitigation of damages.  Its whole case rested on the ground, that the boy was concealed, so that it was impossible to see him, until absolutely too late to avoid the accident.  Take all this proof as true and this case is made out—nothing else is claimed.

In the next place, no ¦further request was made for any such instructions as is suggested by the Referees should have been given, as we have shown. What was said was true as far as it went.  His Honor was not called on to repeat his charge or go over the case again.

We have gone over the questions made with perhaps unnecessary particularity.  We find the case one, conceding the proof of plaintiff to be credible, of gross negligence on the part of the servants of the company.  A boy, in plain view, is run over and crushed, when if there had been a lookout, he might have been seen in time to have stopped the train and then avoided the accident.  The jury have believed this testimony, and after examining it, we see not the slightest tinge of untruthfulness of purpose on the part of the leading witness of plaintiff.  The leading witness of defendant is weakened by an inherent defect in his story, so as to show it incredible.  No jury on these facts could have failed to find for plaintiff.

The report of the Referees will be set aside, and the judgment of the court below affirmed.