State v. Moran.

THE STATE OF NEBRASKA, FOR THE USE OF CUMING COUNTY, PLAINTIFF IN ERROR, V. JAMES MORAN, SEN., DEFENDANT IN ERROR.

**Recognizance.** In an action on a recognizance taken by a justice in a proceeding before him, under the provisions of chapter 37 of the Compiled Statutes, *Held,* That such recognizance was binding upon the security thereunto although the same was not recorded by the justice in his docket and was signed by the parties thereto.

ERROR to the district court for Cuming county. Tried below before BARNES, J.

*Wilbur F. Bryant* and *T. M. Franse,* for plaintiff in error.

*E. K. Valentine,* for defendant in error.

COBB, CH. J.,

This action was brought in the district court of Cuming county by the state, for the use of Cuming county, plaintiff, against James Moran, Jr., and James Moran, Sr., defendants. The defendant, James Moran, Sr., was served with process, appeared, and answered. James Moran, Jr., was not served, and did not appear in the case. The cause was tried to the court without a jury. There was a finding and judgment for the answering defendant, and the cause is brought to this court on error by the state.

It appears from the pleadings and bill of exceptions that on the 13th day of February, 1882, James Moran, Jr., was arrested upon a warrant issued by H. J. Stevens, a justice of the peace of Cuming county, and brought before said justice on a charge of bastardy by an unmarried woman whose name it is deemed unnecessary to give for the purposes of this case. There was an examination before

the justice in accordance with the provisions of section 1 of chapter 37 of the Compiled Statutes. That thereupon the said justice found probable cause for the said charge, and ordered the said James Moran, Jr., "to enter bail to appear at the next term of the district court in and for Cuming county, and in default thereof, of giving bond of $500 to appear as above ordered, to stand committed to the jail of Cuming county. Whereupon said James Moran, Jr., submitted his bond with James Moran, Sr., as his surety thereto for his appearance, which bond was duly approved" by said justice in the sum of $500. It further appears that at the next regular term of the district court of Cuming county the said James Moran, Jr., appeared and entered his plea of not guilty to said charge of bastardy, whereupon a trial was had to a jury, which found the defendant guilty. Thereupon the said defendant made a motion for a new trial, which was overruled, and thereupon it was by the court "ordered and adjudged that said James Moran, Jr., is the reputed father of the child of the prosecutrix  *  *  *  that said James Moran, Jr., pay the costs of this prosecution and pay *  *  *  or her order, for the maintenance and support of said child, eighty dollars per year until said child be fourteen years old or until further ordered by this court," etc., and further ordered that said James Moran, Jr., give security in the sum of five hundred dollars for the performance of the said orders of the court, and that if he neglect or refuse to give security as aforesaid, and to pay the costs of said prosecution, " he shall stand committed to the jail of the county, to remain until he shall comply with the order of this court."

It further appears that afterwards and on the 21st day of March, 1882, the said cause came on again for hearing on a motion of plaintiff to forfeit the bond in said cause, "and thereupon the said James Moran, Jr., and James Moran, Sr., were each three times solemnly called in open

court, and appeared not, and the court adjudged said bond forfeited, and ordered a capias to issue for the said James Moran, Jr.," etc.

Upon the trial of the case at bar the defendant James Moran, Sr., objected to the introduction in evidence of the record as above, and especially of the said recognizance or bond, on the ground that the same was not such an instrument as is authorized by law to be taken by a justice of the peace, and hence is not binding upon the parties. And although such objection was overruled by the court on the trial and the record and bond or recognizance admitted in evidence, yet the court finally found " the facts to be that a *bond* was taken in this cause by the justice instead of a recognizance, and that the bond taken was not in law such a recognizance as the justice could take, and was not entered of record in his docket. The court therefore finds for the defendant."

The only question then for the consideration of this court is, whether the surety, James Moran, Sr., is legally bound for the penalty fixed by the said justice and contained in the bond or recognizance required to be given for the appearance of the said James Moran, Jr., and for his abiding the order of the court on said accusation. The recognizance or bond is in the following form:

"THE STATE OF NEBRASKA,⎫
   CUMING COUNTY.    ⎬ ss.

"Be it remembered that we, James Moran, Jr., of Cuming county, Nebraska, as principal, and James Moran, Sr., as surety, do hereby acknowledge ourselves indebted to the State of Nebraska, for the use of Cuming county, in the penal sum of $500, to be well and truly paid if default be made in the following conditions: Whereas, the said James Moran, Jr., has been arrested upon a warrant issued by H. J. Stevens, a justice of the peace in and for Cuming county, Neb., West Point precinct, upon the complaint of * * * an unmarried woman resident of said county, for being

the father of a bastard child of which said    *    *    *
was delivered June 18, 1881.   The condition of this re-
cognizance is such if the said James Moran, Jr., shall ap-
pear at the next term of the district court to be held in and
for Cuming county, Neb., to answer such accusation and to
abide the order of the court therein, then this recognizance
to be null and void, otherwise in full force and effect.

"[Signed]                         JAMES MORAN, JR.

"JAMES MORAN, SR."

"Taken and acknowledged before me this 13th day of
February, 1882.

" Signed,                    H. J. STEVENS,

"*Justice of the Peace.*"

The proceedings in the original case, including the recog-
nizance for the appearance of the accused, seem to have
been substantially in accordance with the forms of procedure
as contained in an approved and standard work on practice
in justices court, and to be in conformity with the require-
ments of the statute.

The point is made by counsel in his brief that no testi-
mony was admissible, for the reason that the petition does
not state a cause of action on the following grounds:

" 1.    The conditions and obligations of the said recogni-
zance are not set out, and a failure of said obligation averred
as by law required.

" 2.    It does not aver that James Moran, Jr., principal
obligee, failed to appear and abide the order of the 'district
court of Cuming county, Nebraska,' at its next term after
the making of the alleged recognizance, or at any term of
that court.

" 3.    It does not state before whom said alleged recog-
nizance was entered into.

" 4.    It is silent on the following necessary averments:
'A recognizance must be filed or made a record of a court
to sustain a suit, and must be so averred in the petition,

State v. Moran.

It should also be averred that the default in not comply-
ing with the conditions of the recognizance was entered of
record.'

" 5.    It does not aver that said alleged recognizance was
ever filed by the justice of the peace, or that he certified
the same to the clerk of the district court, as by statute
required."

Some of the above points of objection would probably
be good under a strict and technical system of pleading,
but under a liberal system like ours, I think the court
committed no error in receiving the testimony.    Besides,
the counsel presenting said points is not here attacking, but
seeking to sustain, the judgment of the district court.    The
main question in the case—that arising upon the recogni-
zance—not having been entered on the docket of the justice,
and its having been signed by the parties, was fully dis-
cussed in this court in the case of *King v. The State, ante*
p. 375, and to that case I refer for the reasons and authority
upon which I come to the conclusion that the district court
erred in its finding of fact, that the bond taken by the justice
was not in law such a recognizance as the justice could
take, and in finding for the defendant.    By reference to the
opinion in that case, it will be seen that a recognizance will
be considered of record although never recorded by the
justice taking it, and that it becomes such upon being
returned to the proper court and there placed on file.    The
judgment of the district court is reversed, and the cause
remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

The other judges concur.