THE STATE OF NEBRASKA, FOR THE USE OF CUMING COUNTY, PLAINTIFF IN ERROR, V. JAMES MORAN, SR., DEFENDANT IN ERROR.

1. **Recognizance.** In an action on a recognizance taken by a justice of the peace on a complaint and proceedings under chapter 37 of the Compiled Statutes; *Held*, That the recognizance was valid against a security, although it was not entered of record on the appearance docket of the district court, under section 383 of the criminal code.

2. **Docket:** NUNC PRO TUNC ORDER. The omission of docket entries of established facts from papers properly before the court may be corrected by *nunc pro tunc* orders of the court.

ERROR to the district court of Cuming county. Tried below before WAKELEY, J.

*Thomas M. Franse* and *Wilbur F. Bryant*, for plaintiff in error.

No appearance for defendant in error.

COBB, J.

This is a review on error of the second trial of this cause upon substantially the facts as those of the first trial, between the same parties, reported in 18 Neb., 536, in which it was held, on the first review, that the defendant was liable on his recognizance, as surety, under section 3., Chap. 37, Comp. Stat., title "Illegitimate Children," though the recognizance, taken by a justice of the peace, was not recorded when sent up with the transcript of the complaint to be filed in the clerk's office of the district court.

The court below rendered judgment for the defendant, which was reversed on error and remanded for a new trial.

The second trial was to a jury, which found for the plaintiff, and against the defendant, as surety on the recog-

nizance, $605.49, with a special finding that "the clerk of the court did not enter upon the appearance docket the date or amount of the recognizance or the name of the surety thereon, and that said matters have not at any time been entered on said docket."

The court refused to enter judgment on the verdict in favor of plaintiff, and dismissed the case.

It was objected by the defendant that the recognizance on which this action is prosecuted was not to be found " *as a record,*" in accordance with the provisions of section 383, Chap. 36 of the criminal code of this state, prescribing the duties of the clerk of the district court in the filing and record of recognizance—"to enter the cause upon the appearance docket of the court, together with the date of the filing of the transcript and recognizance; the date and amount of the recognizance, the names of the sureties, and the costs; whereupon the same shall be considered as a record in such court, and proceeded on by process issuing out of said court."

This prescription is confined to recognizances in writing, to be taken in criminal charges and proceedings, and returned with the transcript to the clerk's office of the district court. It is directory as to the duties of clerk, which performed, establishes on the docket the date of filing, the date and amount of recognizance, the names of sureties, and the costs, "as a record in such court." This may insure the public convenience and the perpetual identity of the sureties. On these brief docket entries, if the recognizance bond be lost or destroyed, process may be issued, and the penalty of the forfeited bond be enforced, "as a record in such court." While this record may be regarded as consubstantial with the recognizance, it does not, therefore, revoke it, or take its place as a substitute for it, but stands as evidence of it, and on which an action may be maintained.

It does not follow that the same action will not be

State v. Moran.

maintained in the absence of the docket entries. There can be no warrant under this statute for holding that the recognizance bond in writing, signed by the parties, is vacated, or voidable, for the want of those entries. The bond is *in esse*; it is in court; it is forfeited.

An additional reason why the judgment of the court below may not be sustained is urged, in view of the .fact that the defendant's recognizance bond was not taken in a criminal action, under the criminal code, but was given in a civil action, under a statute which does not require a supplemental record of it to be made on the appearance docket of the court. The court wrongfully instructed the jury to find specially the facts, under a statute not applicable and not material to the issue. It appears further that, to the transcript when returned and filed in the clerk's office, the recognizance was attached, but received no separate filing nor docket entry, but being actually on file with the transcript, it was competent, under the order of the court, to have made the docket entries complete, at any subsequent time, if such record was deemed a. necessary compliance with the law to charge the defendant and protect the public.

The judgment is reversed, and the cause remanded to the district court with instructions to enter judgment for the plaintiff on the verdict as rendered.

REVERSED AND REMANDED.

THE other judges concur.