JAMES M. MYERS ET AL. V. MINNIE B. BAUGHMAN.

FILED MAY 22, 1901.   No. 9,485.

Commissioner's opinion.   Department No. 1.

1 **Action Upon Forfeited Recognizance: OBLIGEE PROPER PARTY
   PLAINTIFF.** An action based upon a forfeited recognizance
   taken under the provisions of section 3, chapter 37, Compiled
   Statutes, 1899, must be brought in the name of the state, the
   obligee named in the recognizance.

2. **Statutory Recognizance Not Bond of Indemnity.** A recognizance
   given under section 3 of chapter 37, Compiled Statutes, 1899, is
   not a bond of indemnity for the payment of the judgment which
   may be ultimately recovered in the action.

3. **Amount of Liability.** The amount of liability on such a recog-
   nizance is the penal sum named therein, with interest thereon
   from the date of the forfeiture.

ERROR from the district court for Seward county.
Tried below before BATES, J.   *Reversed.*

*Stearns & Tyrrell* and *Frank H. Woods,* for plaintiffs in
error.

*J. C. McNerney, Frank D. Eager* and *J. J. Thomas, contra.*

DAY, C.

The question for determination presented by this rec-
ord arises upon the ruling of the court on the defendants'
demurrer to the petition.   Exception was taken to this
ruling, and the defendants electing to stand on their de-
murrer, judgment was entered against them for $600 and
costs.   The defendants bring the case to this court alleg-
ing error in overruling the demurrer to the petition, and
error in entering judgment in favor of plaintiff against
the defendants.   The petition alleges, in substance, that
on June 11, 1895, Minnie B. Baughman filed a complaint
before a justice of the peace in Seward county against
one George Howell, charging him with being the father
of a bastard child born to her March 19, 1895.   Upon

this complaint Howell was arrested, and, upon examination, required to enter into a recognizance in the sum of $600 for his appearance at the next term of the district court of Seward county to answer the accusation and abide the order of the court therein. Pursuant to this order of the justice the defendants gave their bond, which was approved and filed. This bond was given under the provisions of section 3 of the act, hereinafter considered, and, omitting signatures and formal parts, is as. follows, to-wit: "That on the 12th day of June, A. D. 1895, J. M. Myers, John Howell, F. M. Tyrell of Lancaster county and Thomas A. Healey, personally appeared before me, a justice of the peace within and for the county of Seward, and jointly and severally acknowledged themselves to owe the State of Nebraska the sum of six hundred dollars, to be levied on their goods and chattels, lands, tenements, if default is made in the following condition, to-wit: The condition of the recognizance is such, that if the above bounden George. Howell shall personally be and appear before the district court of Seward county, Nebraska, on the first day of the term thereof, next to be holden in and for the county aforesaid, then and there to answer a charge of bastardy and abide the judgment of the court, and not depart without leave, then this recognizance shall be void, otherwise it shall be and remain in full force and virtue in law." The petition further alleges that at the next following term of the district court a trial was had to a jury and the said George Howell found guilty as charged in the complaint, and the court thereupon rendered a judgment on the verdict and ordered the said George Howell to pay into court the sum of $750, payable in installments for the use, benefit, support and maintenance of the said bastard child of the plaintiff, and that he stand committed to the county jail until the order and judgment of the court was complied with; that said Howell wholly failed and refused to comply with and abide the order and judgment of the court, and failed to appear according to the con-

ditions of said bond and recognizance and abide the said judgment of the court and not depart without leave; that the obligors of said bond (plaintiffs in error) wholly failed and refused to produce the body of said George Howell to abide the judgment and decree of the court, and that by reason thereof said bond became absolute; that on the 6th day of February, 1896, said George Howell was three times called in open court to come into court and abide the judgment of the court, but wholly failed and refused to do so, whereupon the said defendants (plaintiffs in error) were each three times called to come into court and produce the body of the said George Howell to abide the order and judgment of the court, which they and each of them failed and refused to do, and thereupon said bond and recognizance of said George Howell was declared and adjudged to be forfeited; that by reason of the facts above alleged, plaintiff (defendant in error) has sustained damages in the sum of $750. A demurrer to this petition was filed by plaintiffs in error, on the ground that the petition does not state facts sufficient to constitute a cause of action against them. This demurrer properly raises the question as to the right of the plaintiff to maintain an action on the recognizance in her own name.

An examination of our statute with reference to bastardy proceedings will disclose a twofold purpose in its enactment; first, to require the putative father to contribute to the support of his own offspring, a duty prompted by both moral and natural obligations, and second, to protect the county in which the child is born, lest its support and maintenance become a public charge. The innocent child and incidentally the rights of the mother and the public are the ones for whose protection the statute seems to have been enacted. *Stoppert v. Nierle*, 45 Nebr., 105; *Ex parte Cottrell*, 13 Nebr., 193. Section 1 of chapter 37, Compiled Statutes, 1899, provides that where the party accused "shall pay or secure to be paid to the complainant such sum or sums of money or

property as she may agree to receive in full satisfaction. and shall further give bonds to the county commissioners of the county in which said complainant shall reside and their successors in office, conditioned to save such county free from all charge toward the maintenance of said child, then and in that case the justice shall discharge the party accused out of custody, or [on] his paying the costs of prosecution." Section 2 of the act provides that when any woman who has a bastard child neglects or refuses to bring suit for its maintenance, the county commissioners in any county interested may bring suit in behalf of the county against him who is accused of begetting such child, or may take up and prosecute a suit begun by the mother of the child. Section 3 of this act, under which was given the recognizance which forms the basis of this suit, expressly provides that the recognizance shall be "for the benefit of the county in which such bastard child shall be born." The recognizance runs to the state of Nebraska as obligee, and the statute prescribes that it is for the benefit of the county. In the absence of a statute authorizing a suit to be brought upon such recognizance in the name of the beneficiary, the suit should be brought upon such recognizance in the name of the state of Nebraska. When the recognizance became forfeited, it was a judicial determination that the condition of the recognizance had not been complied with, and gave rise to but one cause of action and that action must be brought in the name of the state for all who are or may be ultimately entitled to the fund when collected. *Porter v. State*, 23 Ohio St., 320, 325.

A complainant in a bastardy proceeding can not maintain an action in her own name upon a forfeited recognizance given under the provisions of section 3 of the act, because by the terms of the act the county has an interest in it. Such a recognizance is not in a strict sense a bond of indemnity for the payment of the judgment which may be ultimately rendered in the action, and when forfeited for the non-appearance of him for

whose appearance it was given, the penalty named in the bond is due. *Gebhart v. Drake*, 24 Ohio St., 177. The case of *State v. Gassaway*, 30 Tenn., 202, was an action brought upon a recognizance for the use and benefit of complainant in a bastardy proceeding. The court says: "In the first place the suit is for the use of Frances Bullard, who is, therefore, to be regarded in our practice, as the real party, responsible for costs, and entitled to the proceeds of the recovery. But we do not see that she can, by legal possibility, have, or acquire, any interest in this recognizance to the state." It is clear that a cause of action on such a recognizance can not be separated nor divided so as to authorize an action upon it in the name of the state and another in the name of the complainant. Suppose, in the case before us, the complainant in the bastardy proceedings had recovered a judgment of $200, instead of $750; it could not, we think, be successfully claimed that the sureties upon the recognizance, by paying this judgment, could be relieved from further liability to the state upon the forfeited recognizance, and yet, if the liability on the recognizance is one of indemnity merely, the payment of the judgment would be a complete satisfaction of the liability upon the recognizance.

The provisions of our statute of 1875 respecting bastardy proceedings have no doubt been borrowed from the state of Ohio, in which state, since 1873, a statute has existed almost identical in language with our own. The supreme court of that state had occasion to construe its statute in a case where the precise question presented by the record in this case was considered. In *Clark v. Petty*, 29 Ohio St., 452, complaint had been filed and accused ordered to enter a recognizance for his appearance at the next term of court. Upon the trial the court ordered him to stand charged with the maintenance of the child in the sum of $350, to be paid to the mother in installments and to give security for the same, and in default thereof that he stand committed until he complied with the order. Not complying with the order, action was

brought on the recognizance in the name of the complainant to secure the application of the amount of the penalty, or so much thereof as was necessary in discharge of the judgment. The statute of Ohio, in addition to the provisions contained in ours, provides: "If the accused fail to appear at the term of the court to which he is recognized, his recognizance shall be forfeited; and if a verdict of guilty be rendered, and judgment entered thereon as hereinafter provided, the amount of such forfeited recognizance shall be applied in payment of the judgment. 2 Bates' Annotated Ohio Statutes [3d ed.], sec. 5623. A demurrer was interposed to the petition as in this case, and the supreme court held that an action brought on a forfeited recognizance under section 4 of the bastardy act—which is identical with section 3 of our act, except that it is for the benefit of the township, while ours is for the benefit of the county—could only be brought in the name of the state. We therefore conclude that an action brought upon a forfeited recognizance under section 3 of chapter 37 of the statutes of 1899 can be brought only in the name of the state for the use of such persons as may be entitled to receive it. We do not desire to be understood as holding that the fund when paid, in a proper proceeding, may not be applied in satisfaction of the judgment. That question is not now before us.

For the reasons above suggested it follows that the learned district judge erred in not sustaining the demurrer to the petition and dismissing the cause. We therefore recommend that the case be reversed and remanded and the cause dismissed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court in the above cause is reversed and the cause dismissed.

REVERSED AND DISMISSED.