AMELIA HEIDEMANN, APPELLEE, V. WILLIAM NOXON, APPELLANT.

FILED JANUARY 9, 1909. No. 15,419.

1. **Bastardy: WARRANT: ABATEMENT.** That a warrant issued for the arrest of the putative father of a bastard is not directed to the sheriff, coroner, or constable of the county is not a cause for abating the action in the district court where the question was not raised before the examining magistrate.

2. ———: CONTINUANCE: JURISDICTION. The examining magistrate does not lose jurisdiction of the case by granting a continuance of the hearing on the request of the defendant.

3. **Appeal: EVIDENCE.** This court will not disturb a judgment based on conflicting evidence where the evidence sufficiently supports the judgment.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*D. O. Dwyer,* for appellant.

*Byron Clark, contra.*

DUFFIE, C.

On the 18th of December, 1906, the plaintiff filed an information, duly verified, before a justice of the peace of Cass county, alleging that she was an unmarried woman, and that in November, 1906, she was delivered of a bastard child of which defendant was the father. The justice thereupon issued a warrant for the defendant, and appointed Joseph Fitzgerald to serve the same. On the 19th of December, 1906, the defendant, who was a minor, together with his father, appeared before the justice and requested a continuance of the case until December 22. The continuance was granted upon the defendant entering into a recognizance in the sum of $1,000 for his appearance on the date to which the case was continued. On the 22d of December the plaintiff appeared with her witnesses, and, the defendant failing to appear, the justice proceeded to examine the plaintiff, reducing said examination to writing, and from the evidence given found that her complaint had been established, and entered an order that the defendant enter into a recognizance in the sum of $2,000 for his appearance at the next term of the district court for Cass county to answer such complaint and abide the order of that court. A transcript of these proceedings was duly filed in the district court, and at a term of said court held in February, 1907, the defendant appeared by his duly appointed guardian *ad litem,* and filed a plea to the jurisdiction of the court and to abate the action. The district court found against the defendant upon this plea, and upon a trial of the case on the merits found that the defendant was the father of the plaintiff's illegitimate child; that the reasonable value of the support of the said child was $750, which should be paid to the plaintiff at the rate of $15 a month, said payment to be made quarterly, and that he give security for the payment thereof. From this judgment plaintiff has appealed.

It is first urged that the court erred in overruling plaintiff's plea in abatement.   It is insisted that our bastardy act provides for a special proceeding complete in itself, and that its provisions must be strictly followed. Section 1 of the act, being section 6300, Ann. St. 1907, provides that the justice before whom the information is filed shall issue a warrant "directed to the sheriff, coroner, or constable of any county of this state, commanding him forthwith to bring such accused person before said  justice, to answer said complaint, and on return of such warrant the justice, in the presence of the accused person, shall examine the complainant under oath respecting the cause of her complaint, and such accused person shall be allowed to ask the complainant, when under oath, any question he may think necessary for his justification; all of which questions and answers, together with every other part of the examination, shall be reduced to writing by the justice of the peace."   It is argued with great insistence that the proceeding had before the justice was without jurisdiction on account of the warrant being placed in the hands of Joseph Fitzgerald for serving, instead of one of the officers named in the statute.   It is further insisted that the justice had no authority to continue the case and take a recognizance from the defendant for his appearance on the day for which the hearing was set, and that the hearing had in the absence of the defendant was illegal.

Relating to the first alleged error, we conclude from the evidence in the record that the appearance of the defendant before the justice was entirely voluntary.   Mr. Fitzgerald testified that he had a conversation over the telephone with the defendant, whom it appears was under arrest in Kansas City under some other charge, and the defendant told him that he would accompany him back to Plattsmouth if he came after him.   It further appears that the warrant was not served in Kansas City, and that the defendant voluntarily accompanied Fitzgerald back to

15

Plattsmouth, and on their arrival there the defendant was not placed under any restraint, was allowed full liberty of action, the only evidence of arrest being the return made upon the warrant when the parties appeared before the justice. If Fitzgerald had no authority to arrest the defendant, and if he did in fact arrest him and restrain him of his liberty (a matter which we do not determine), that question should have been raised before the justice, and not being raised, was waived.

Relating to the second point, it will be borne in mind that a suit against the putative father of a bastard is a civil action, and, while the court can enter no orders not warranted and authorized by the statute, it cannot be good law that the justice lost jurisdiction of the case by granting a continuance of the hearing on the defendant's own motion. It would be a singular rule which allows a defendant to take advantage of the order of a court made on his own request and apparently for his own benefit. By his appearance before the justice without objection, that court obtained jurisdiction of the case, and, the action being civil in its nature, the defendant cannot urge a want of jurisdiction because of his own failure to appear at the hearing on the day to which the case was continued on his own request. The court committed no error in finding against the defendant on his plea in abatement.

Relating to the merits of the case, the most that can be said is that the evidence was conflicting; but that it was sufficient to support the finding of the court is not a question open to discussion.

We recommend an affirmance of the judgment.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.