STATE OF NEBRASKA, APPELLANT, V. WILLIAM NOXON, JR.,
ET AL., APPELLEES.

FILED SEPTEMBER 26, 1914.   No. 17,802.

1. **Bastardy:** CONTINUANCE: JURISDICTION. A justice of the peace does
not lose jurisdiction in a bastardy case by granting a continuance of
the hearing on the defendant's own motion.

2. ———:———. Neither can the defendant successfully urge a want
of jurisdiction because of his own failure to appear at the hearing
on the day to which the case is continued at his own request.

3. ———: RECOGNIZANCE: VALIDITY. A recognizance in such a case,
conditioned that the defendant will appear at the time mentioned
therein to answer the accusation against him and to abide the order
of the court thereon, will be held valid as against the defendant and
the surety who joins in the recognizance with him, and neither may
successfully contend that such recognizance is void.

APPEAL from the district court for Cass county:
HARVEY D. TRAVIS, JUDGE. *Reversed.*

*Grant G. Martin, Attorney General,* and *Rawls & Rob-
ertson,* for appellant.

*D. O. Dwyer* and *A. L. Tidd, contra.*

HAMER, J.

The plaintiff, the state of Nebraska, filed in the district
court for Cass county its amended petition on the 19th day
of April, 1912, alleging that it came into court by the
authority of the attorney general. It appears from the
said amended petition, the answer, and the evidence that
Amelia Heidemann, an unmarried woman, on the 18th day
of December, 1906, made a complaint before M. Archer,
a justice of the peace in Cass county, Nebraska, charging
the defendant, William Noxon, Jr., with being the father
of her bastard child. The justice of the peace issued a
warrant of arrest, and Noxon was arrested and appeared
before the justice on the 19th day of December, 1906, and
asked that the hearing be continued until December 22,

1906. This request was granted on condition that the defendant enter into a recognizance in the sum of $1,000. The recognizance was given by the said defendant, William Noxon, Jr., and George E. Dovey. It provided for the appearance of the defendant before the said M. Archer, justice of the peace, on the 22d day of December, 1906, to answer the accusation against him and to abide the order of the court. The conditions and obligations of the recognizance were orally stated to the said William Noxon, Jr., and to said George E. Dovey, who entered into the recognizance with said Noxon. The said Noxon and the said George E. Dovey agreed to the conditions of the recognizance, as shown by the record, and thereupon, in consideration of the giving of said recognizance, the said defendant, William Noxon, Jr., was released from the custody of the officer having him in charge, and by direction of the said justice of the peace. The said recognizance was made a part of the record of the court of the said justice of the peace, and reads as follows:

"The State of Nebraska, Cass County—ss: Be it remembered that we, William Noxon, Jr., and George E. Dovey of Cass county, do hereby acknowledge ourselves indebted to the state of Nebraska for the use and benefit of Cass county in the penal sum of $1,000 to be well and truly paid if default be made in the condition following: Whereas, the said William Noxon, Jr., has been arrested upon a warrant issued by M. Archer, a justice of the peace in and for said county, upon the complaint of Amelia Heidemann, an unmarried woman, resident of Cass county, for being the father of her bastard child, born on the 26th day of November, A. D. 1906. The condition of this recognizance is such that if the said William Noxon, Jr., shall appear before M. Archer, justice of the peace, at his office in the city of Plattsmouth, Cass county, Nebraska, at 10 o'clock A. M. on the 22d day of December, 1906, to answer such accusation, and to abide the order of the court thereon, then this recognizance shall be null and void, otherwise to remain in full force and effect.

"Taken and acknowledged before me this 19th day of December, 1906.

"M. Archer, Justice of the Peace."

The said Amelia Heidemann appeared before the said justice of the peace on the 22d day of December, 1906, but the said William Noxon, Jr., did not appear, and he was three times called in open court, as also the said George E. Dovey, the said George E. Dovey being called upon to produce the body of the said William Noxon, Jr., but he failed to do so. Thereupon the said William Noxon, Jr., and the said George E. Dovey were defaulted and declared to have failed to comply with the conditions of said recognizance, and the said justice of the peace, M. Archer, proceeded with the examination of the said Amelia Heidemann, and she was sworn as a witness in said case and her examination was reduced to writing. The said William Noxon, Jr., failing to appear or in any way to perform any of the conditions of the said recognizance, the said justice of the peace, M. Archer, proceeded to make an order upon the said William Noxon, Jr., to appear at the next succeeding term of the district court to be holden in Cass county, Nebraska, to answer said accusation and to abide the order of the court, and the said justice of the peace fixed the recognizance for the appearance of the said William Noxon, Jr., at the sum of $2,000; the said William Noxon, Jr., then and there wholly failed and neglected to give such recognizance. The justice of the peace, following the proceedings had before him touching the said matter of the said bastard child, filed a certified transcript of all the proceedings had in his said court upon said complaint with the clerk of the district court for Cass county, Nebraska. The defendant, William Noxon, Jr., failed to appear in person in the said district court for Cass county at any time subsequent to the hearing on said complaint, and the said George E. Dovey failed to produce the body of the said William Noxon, Jr., in the said district court for Cass county, Nebraska, at any time subsequent to the hearing on said complaint, and the said

William Noxon, Jr., and the said George E. Dovey failed in any way to abide the orders and commands of the said district court touching the appearance of the said William Noxon, Jr., thereupon a default was taken against each of them in the said district court concerning all the conditions of the said recognizance.

The plaintiff alleged in its said amended petition that, by reason of the default of the defendants, the said William Noxon, Jr., and his surety, George E. Dovey, the conditions of the said recognizance became forfeited, and that there was due on the recognizance the sum of $1,000, with interest and costs, for the use and benefit of the persons entitled thereto. Attached to the said amended petition of the state of Nebraska is the prayer for judgment against the said defendants, William Noxon, Jr., and the said George E. Dovey, and for a judgment against each of them for the sum of $1,000 and interest and costs of suit. To the said amended petition the said George E. Dovey filed a demurrer on the 24th day of April, 1912. It was in said demurrer objected that the court had no jurisdiction of the subject of the action, and that the said amended petition did not state facts sufficient to constitute a cause of action. The said demurrer appears to have been overruled, and on the 25th day of May, 1912, the said George E. Dovey filed his separate answer, claiming that he had no knowledge of the matters alleged in the amended petition, except that on the 19th day of December, 1906, there was pending before M. Archer, a justice of the peace in the said county of Cass, a bastardy suit, entitled Amelia Heïdemann v. William Noxon, Jr., and that at said time there was orally stated by said justice of the peace to the defendant George E. Dovey a supposed verbal recognizance such as is set out in the amended petition, and said George E. Dovey alleged in his said answer that the said justice of the peace had no jurisdiction to receive or accept such supposed recognizance requiring the defendant, the said William Noxon, Jr., to appear before said justice of the peace, and that the said recognizance was and is void; that said supposed recognizance was not signed by the defend-

ants, or either of them, and that it was within the statute of frauds and void; that the amended petition failed to state a cause of action; that said Amelia Heidemann in the summer of 1907 intermarried with Herman Krimlof-ski, and that she and her husband became nonresidents of Cass county, Nebraska, and that no obligation has or can occur in favor of said Cass county and against said William Noxon, Jr.; that said Cass county did not request the bringing of the action. The defendant attached a prayer to his answer that he be dismissed and recover his costs.

On June 12, 1912, the plaintiff, the state of Nebraska, filed its reply to the separate answer of said George E. Dovey, admitting the marriage of Amelia Heidemann, and that she and her husband had become nonresidents of Cass county, but denying each and every other allegation in said amended answer, except certain matters admitted.

The trial was had June 12, 1912. At the trial the plaintiff introduced exhibits 1, 2 and 3, as follows:

"Exhibit 1.

"Hon. W. T. Thompson, Attorney General, Lincoln, Nebraska. Dear Sir: We wish to get your permission to prosecute a suit upon a bond given in a bastardy proceeding, said bond running to the state. This action must be brought in the name of the state under the holding in Myers v. Baughman, 61 Neb. 818. The plaintiff in the bastardy proceedings will be responsible for all costs which accrue. Copy of recognizance herewith inclosed. Yours truly, _____
WAR-WJW."

"Exhibit 2.

"State of Nebraska, Office of Attorney General.
                    "Lincoln, Neb., Jan. 25, 1910.
"Mr. Byron Clark, Plattsmouth, Nebraska. Dear Sir: Your letter of January 24 received. I am returning you herewith stipulation, with consent to institute suit on the undertaking thereon. Yours very truly,
                    "W. T. Thompson, Attorney General."

"Exhibit 3.

\*      \*      \*      \*      \*      \*      \*      \*      \*

"Consent to institute and prosecute suit in name of state on the within undertaking is hereby granted with the understanding that the same is to be prosecuted without costs to this department. Jan'y 25, 1910.

"W. T. Thompson, Attorney General."

(The omission above indicated by stars is occupied in the original by a copy of the recognizance.)

On the trial the complaint of Amelia Heidemann before the justice of the peace, charging William Noxon, Jr., with being the father of her bastard child, was offered in evidence, and received over the defendants' objection. The warrant of the justice of the peace was also offered and received in evidence; also the questions and answers of Amelia Heidemann touching the fact that she had given birth to a bastard child, and that said William Noxon, Jr., was the father of the child. There was also offered and introduced in evidence the request of the defendant, William Noxon, Jr., that he be allowed to give the said recognizance. It also appeared from the record of the justice of the peace that the said William Noxon, Jr., had failed to enter his appearance on the 22d day of December, 1906, and that his surety had failed to produce the body of him the said William Noxon, Jr. On the trial evidence was taken on behalf of the state of Nebraska to the effect that the next term of the court following the 29th day of December, 1906, was the February term, 1907. The clerk of the district court testified that the defendant, William Noxon, Jr., was not present in court at that time, and that he never was present in court.

D. O. Dwyer testified that he was one of the attorneys for Noxon and Dovey; that he saw Dovey at his office in the store, and told him he was attorney in the case, and asked him if he would pay the amount mentioned in the petition; that Dovey replied he would not; that he was guaranteed by the other party's attorney. On cross-examination Dwyer testified that this conversation was had

after the commencement of the suit.  A stipulation was made that the records of Cass county did not disclose any permission to institute the suit, and that the board of county commissioners never took any action in the matter; also, that the county attorney never authorized the action to be commenced.  On the 12th day of June, 1912, there was a trial in the district court, and the journal entry shows that the jury was waived by both parties in open court, and that the court found in favor of the defendants and gave them judgment.  On the same day a motion for a new trial was overruled.  The plaintiff appeals.

It appears that a trial was had in the district court in the case of *Heidemann v. Noxon,* 83 Neb. 175.  D. O. Dwyer was appointed guardian *ad litem* for the defendant Noxon, and on the trial the district court found on the merits of the case that the defendant was the father of plaintiff's illegitimate child, and that the reasonable value of the support of said child was $750, which should be paid to plaintiff at the rate of $15 a month, and ordered that the defendant Noxon give security for the payment thereof. From this judgment the said William Noxon, Jr., by his guardian *ad litem,* appealed to the supreme court, where the judgment of the district court was in all things affirmed.  In that case it was held, as stated in the syllabus:  "That a warrant issued for the arrest of the putative father of a bastard is not directed to the sheriff, coroner, or constable of the county is not a cause for abating the action in the district court where the question was not raised before the examining magistrate."  Also, "The examining magistrate does not lose jurisdiction of the case by granting a continuance of the hearing on the request of the defendant."  In the body of the opinion it was said:  "Relating to the first alleged error, we conclude from the evidence in the record that the appearance of the defendant before the justice was entirely voluntary.  *  *  *  The defendant, who it appears was under arrest in Kansas City under some other charge,  *  *  *  told him (Fitzgerald) that he would accompany him back to Plattsmouth if he came

after him.  *  *  *  The defendant voluntarily accompanied Fitzgerald back to Plattsmouth."

The defendant Dovey contends that the recognizance is void, for the reason that the justice of the peace had no authority to take the same.  It does not lie in the mouth of defendant Dovey to say that he succeeded in getting the defendant William Noxon, Jr., out of the custody of the court by getting it to do that which he asked it to do. Neither can Dovey say, successfully, that he is not legally bound to pay that which he promised to pay.  As to William Noxon, Jr., he has not yet questioned the authority of the court to render a judgment against him.  Nobody appeared for him, except that Dovey made a defense, which he contended should be applied to his friend.  In *Heidemann v. Noxon,* 83 Neb. 175, it was held in paragraph 2 of the syllabus: "The examining magistrate does not lose jurisdiction of the case by granting a continuance of the hearing on the request of the defendant."  In the opinion (p. 177) this court say: "It is further insisted that the justice had no authority to continue the case and take a recognizance from the defendant for his appearance on the day for which the hearing was set, and that the hearing had in the absence of the defendant was illegal."  In discussing this the court say: "Relating to the second point, it will be borne in mind that a suit against the putative father of a bastard is a civil action, and, while the court can enter no orders not warranted and authorized by the statute, it cannot be good law that the justice lost jurisdiction of the case by granting a continuance of the hearing on the defendant's own motion.  It would be a singular rule which allows a defendant to take advantage of the order of a court made on his own request and apparently for his own benefit."

In *Heidemann v. Noxon, supra,* it was held that the justice, by continuing the case, did not lose jurisdiction of it.  For that reason, it must necessarily follow that the justice may exercise all the authority to continue the case which he has under the statute.  It cannot be that, because the justice of the peace, at the special request of the

defendant, consents to take his obligation and release him, there is no binding force in the obligation.

In the *Town of New Haven v. Rogers*, 32 Conn. 221, which was a suit for a debt on a continuance, it was said: "Proceedings under the bastardy act (Rev. St., tit. 7, sec. 38), though civil in their nature, are in form like criminal proceedings, and a justice of the peace before whom they are pending may, on an adjournment, require the defendant to enter into a recognizance for his future appearance. And where the recognizance requires him not only to appear but to abide the judgment of the court, it is valid. The condition to abide the judgment of the court is not satisfied by a mere appearance of the defendant at the adjourned court, but he must appear at all the times fixed by future adjournments and whenever required by the court." In the same case it was held: "A recognizance is an obligation of record, and is strictly a bond, and where adapted to the nature of the case will answer the requirement of a bond in a statute." In the opinion it is said: "This is an action on a recognizance entered into by the defendant with one Orson A. Brooks before Justice Hollister, the object of which was to enforce the appearance of said Brooks before the justice on certain days when a case under the Bastardy act, in favor of the plaintiffs and against said Brooks, was pending."

In that case, as in this one, it was claimed that the justice had no power to take any recognizance whatever; that the statute provided only for a bond or recognizance where probable cause for the complaint should be found and the delinquent was bound over for his appearance before the superior court. It was held in that case, as it is held by our court, that a suit of this kind is a civil suit; that, if any bail was taken on the adjournment, it should have been to the officer having the delinquent in charge, as any other civil proceeding. The court said: "It is true, the object of the proceeding is to obtain security against an apprehended injury of a civil nature, in being subjected to the expenses of maintaining the child, but the forms of proceeding, which are substantially prescribed by the stat-

ute, are like those in criminal cases. The accused is brought before the magistrate by a forthwith process; he is held in custody by the magistrate's order, precisely as would be the case if he was charged with the commission of a crime; and, until the case is disposed of, he must either remain in custody, be committed to prison, or relieve himself therefrom by procuring security for his remaining in custody or appearing to abide the order of the court when the case shall be finally determined by the magistrate."

In that case it was further contended that the statute required a bond instead of a recognizance, and therefore that a bond, and not a recognizance, should be taken on an adjournment. Touching this matter the court said: "But a recognizance is nothing but an obligation of record; it is therefore a bond in the strict sense of the word, where the court or magistrate has authority to take it. * * * The words are apt enough for this purpose, and may have been introduced in order to save the necessity of renewing the recognizance at every adjournment or continuance of the cause. Whether they are necessary for this purpose is of no importance. If without them the mere appearance in court by counsel, or otherwise, without a surrender in discharge of the bail, would not be a performance of the condition of the bond, it surely can be no objection that the implied obligation or condition should be expressed in terms; and, if such would not be the effect without this clause, the object of inserting it is lawful, and as much for the benefit of the obligors as of the public, and is in furtherance of the convenient administration of justice, and, being voluntarily entered into, ought, we think, to be binding. * * * The meaning therefore undoubtedly is, that the court continued the case from day to day without the appearance of the parties or any further or other action of the court, that is, any further action than the bare continuance of the case, and, thus reading the *record, we are of opinion that the proceeding was regular.*"

In Illinois, in a bastardy case, it was held that an action of debt could be maintained for the recovery of a penalty on a bond given on a continuance before a justice of the peace. *People v. Green,* 58 Ill. 236. In that case it is said in a paragraph of the syllabus: "Where a party is arrested and brought before a justice of the peace, on a charge of bastardy, and obtains a continuance to another day for a trial, and enters into a recognizance for his appearance, but fails to appear, *held,* under the act of March 3, 1845, that the justice of the peace has power to take such a recognizance, and declare it forfeited on the failure of the principal to appear according to the condition of his recognizance."

In *State v. Moran,* 18 Neb. 536, a suit brought on a bastardy bond taken by a justice of the peace, the court stated in the syllabus: "In an action on a recognizance taken by a justice in a proceeding before him, under the provisions of chapter 37, Comp. St. 1885, *held,* that such recognizance was binding upon the security thereunto although the same was not recorded by the justice in his docket and was signed by the parties thereto."

The mere fact of removal does not defeat an action on a bond. This is laid down as the rule in 5 Cyc. 672, under the treatise touching bastardy. It reads: "Defendant cannot relieve himself from his liability by any agreement which he may make with other persons for the support of the child, nor will the mother's removal from the state * * * discharge him."

To the same effect is *Olson v. Johnson,* 23 Minn. 301. In that case the defendant offered a bond to save the county harmless from the child becoming a county charge. No such offer has been made in the instant case, and therefore the instant case is much stronger than the *Johnson* case.

Under the case of *Myers v. Baughman,* 61 Neb. 818, a suit upon a forfeited recognizance, the court held in paragraph 1 of the syllabus: "An action based upon a forfeited recognizance taken under the provisions of sections 3, ch. 37, Comp. St. 1899 (being the bastardy act) must

be brought in the name of the state, the obligee named in the recognizance." And the court held that "the amount of liability on such a recognizance is the penal sum named therein, with interest thereon from the date of the forfeiture."

Under the above holding it was only necessary to have the proceeding authorized by the state of Nebraska, the obligee named in the bond. This consent was given by Mr. W. T. Thompson, attorney general for the state of Nebraska, and was proved by exhibits 1, 2, and 3, exhibit 3 being a copy of the recognizance. This was the only consent necessary under the *Baughman* case.

The defendant urged that no demand of any kind was ever made upon the defendant prior to the commencement of the action. Section 9, art. I of the constitution of the state, provides: "All persons shall be bailable by sufficient sureties, except for treason and murder, where the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

That all persons shall be "bailable by sufficient sureties" is a rule which should apply to one arrested in a bastardy proceeding, as well as to one charged with a felony or misdemeanor. Considering the foregoing provision of the constitution, Noxon had a right to give bail for his appearance. He gave bail when Dovey joined in the recognizance taken by the justice of the peace. Neither Noxon nor Dovey is in condition to say that he did not mean to be bound by the obligation when he gave it. The right to do what they did is guaranteed to them by the constitution, and if the obligation is binding upon one side it is certainly quite as binding on the other.

The evidence shows a demand to have been made upon the defendant Dovey, but cause of action upon a forfeiture results upon the breach, and not from a demand for payment. The judgment of the court ought to have been in favor of the plaintiff. No evidence was offered by the defendant to contradict any of the evidence of the plaintiff. The judgment of the court is not sustained by the

evidence, and it is contrary to it. The law of the state and public policy require that there should be a judgment for the plaintiff and that the same should be enforced.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED

SEDGWICK, J., concurs in the conclusion.

FAWCETT, J., not sitting.