EMMA L. VAN ETTEN V. EDWARD F. TEST.

FILED NOVEMBER 18, 1896. No. 6900.

1. **Review: PRESUMPTIONS: BILL OF EXCEPTIONS.** When a bill of exceptions has been quashed, this court will conclusively presume that evidence was introduced on the trial which sustained the judgment rendered.

2. **Judgment Nunc Pro Tunc: COURTS.** The authority of courts, both of law and equity, to enter a judgment or decree *nunc pro tunc* does not depend upon statute. It is an inherent power lodged in the courts.

3. ———: ———. If a judgment in fact was rendered, if an order in fact was made, and such judgment or order not recorded, then the court, at any time afterwards, in a proper proceeding and upon a proper showing, is invested with the power to render *nunc pro tunc* such judgment or make such order.

4. ———: **BILL OF EXCEPTIONS: REVIEW.** Eleven months after overruling a motion for a new trial the court, on motion, entered judgment *nunc pro tunc* on the verdict. The motion was resisted and a bill of exceptions settled. The judge certified that the bill of exceptions consisted of fourteen pages, numbered from one to fourteen, both inclusive. He did not certify that it contained any of the evidence used on hearing of the motion. From the bill of exceptions brought here the first eight pages were missing. *Held,* (1) That such bill of exceptions would not be considered for any purpose; (2) that the supreme court would presume that the district court, on the hearing of said motion, had before it evidence showing that a judgment had in fact been rendered or ordered at the time the motion for a new trial was overruled.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*David Van Etten,* for plaintiff in error.

*I. R. Andrews, contra.*

RAGAN, C.

This is an action in ejectment brought in the district court of Douglas county by Emma L. Van Etten against Edward F. Test. From a judgment dismissing Mrs. Van Etten's petition she prosecutes to this court a petition in error.

1. The bill of exceptions preserving the evidence given on the trial has been quashed. We must therefore conclusively presume that the evidence sustained all the defenses interposed to the action. The pleadings support the judgment rendered.

2. The trial occurred in May, 1892. The jury returned a verdict in favor of the defendant in error and plaintiff in error filed a motion for a new trial. This motion was overruled on the 28th of that month, and for some reason not disclosed by the record, the judgment dismissing Mrs. Van Etten's action was not at that time entered. Subsequently, in April, 1893, on motion of the defendant in error, the district court entered a judgment on the verdict of the jury *nunc pro tunc* dismissing Mrs. Van Etten's petition. It is now insisted that the court was without jurisdiction to make this order. We do not know whether the court, on overruling the motion of Mrs. Van Etten for a new trial, made a minute on its docket that judgment should be entered on the journal dismissing the action, or whether the court announced orally that such a judgment would be entered. For aught the record shows the failure to enter the judgment may have been the neglect of the clerk of the court or a failure of the judge to make or announce an order in the premises. But in this action, after the motion for a new trial had been overruled there was nothing left for the court to do but to enter judgment on the jury's verdict dismissing the action, and it was its duty to do so; and since the court, at a subsequent term, entered the judgment *nunc pro tunc* we must presume that this *nunc pro tunc* order was made for the purpose of having the records of the court speak the truth; that is, show what actually occurred on the 28th of May, 1892. There is nothing in the argument of plaintiff in error that the court was without jurisdiction or authority to enter this judgment *nunc pro tunc*. The authority of courts, both of law and equity, to enter a judgment or decree *nunc pro tunc* in a proper case and in furtherance of justice

is one that does not depend upon statute; it is an inherent power lodged in the courts; and this power rests upon the principle that the courts have the authority, and it is their duty, to make their records say what actually occurred,—to speak the truth. If a judgment in fact was rendered, if an order in fact was made, and such judgment or such order not recorded, then that court, at any time afterwards, in a proper proceeding and upon a proper showing, is invested with the power to render *nunc pro tunc* such judgment or make such order. (See *Belkin v. Rhodes*, 76 Mo., 643; *Gibson v. Choutcau's Heirs*, 45 Mo., 171; *Howell v. Morlan*, 78 Ill., 162; *Wachsmuth v. Orient Ins. Co.*, 49 Neb., 590.) We have said that we are not advised by the record as to why this judgment was not entered at the time of overruling the motion for a new trial. On the 21st of October, 1892, the judge who tried the action settled a bill of exceptions of the evidence offered on the trial. This was the bill of exceptions quashed. On the 17th day of June, 1893, the judge who entered the *nunc pro tunc* order settled a bill of exceptions as to matters which occurred in the case subsequent to the settlement of the bill of exceptions of the evidence used on the trial. The certificate of the judge who entered the *nunc pro tunc* order to the bill of exceptions settled by him is as follows:

"Presented to me for settlement and allowance as to matters subsequent to the alleged settlement made by Hon. Judge Doane, on October 21, 1892, included in the fourteen prefixed pages as numbered and by me this 17th day of June, 1893, settled and allowed accordingly.

"CHARLES OGDEN, <em>Judge.</em>"

The first eight pages from this bill of exceptions are missing. The ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth pages only are found therein. We do not know what the eight pages contained. It is to be observed also that the district judge does not certify that the fourteen pages in the bill of exceptions contain all the evidence used on the hearing of the motion for the

*nunc pro tunc* order, nor does he even certify that it contains any evidence used on the hearing of that motion. We know from the record that a motion was made for the *nunc pro tunc* order; that this motion was heard and that it was sustained; and we know from the partial bill of exceptions before us that affidavits were filed resisting this motion, on the alleged ground that the verdict of the jury was procured by fraud and was a "perversion of justice." But what affidavits, if any, were used in support of the motion, or what evidence was before the court in support of the motion, we do not know. We cannot and will not presume that the court sustained this motion without some evidence before it showing that a judgment was in fact rendered or ordered dismissing the action on the 28th of May, when the motion for a new trial was overruled. We do not mean by anything we have said to reflect upon the integrity or conduct of any one. We simply state the facts from the record before us; and because the bill of exceptions brought here shows on its face that it is not the one settled by the judge who made the *nunc pro tunc* order, and because the certificate of that bill of exceptions does not recite that it contains any evidence used on the hearing of the motion we will not look into said bill of exceptions for any purpose, and we will presume that the judge had before him competent evidence on which to base his finding sustaining said motion, and the judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.