SAMUEL HYDE ET AL. V. ANTON MICHELSON.

FILED NOVEMBER 18, 1897. No. 7553.

1. **Judgment Entry Nunc Pro Tunc: TIME: NOTICE.** If, in any proceeding pending in a court, a judgment is actually pronounced or an order actually made, and, if for any reason, such judgment or order is not recorded, then at any time afterward, upon proper notice being given to the parties interested and the facts being shown that such judgment was pronounced or such order made, the court may cause such order or judgment to be spread upon its records as of the date it was pronounced or made. *Van Etten v. Test*, 49 Neb., 725, followed.

2. ———. The provisions of section 609 of the Code of Civil Procedure are not applicable to a motion for an entry *nunc pro tunc* of a judgment or order.

3. ———: RIGHTS OF THIRD PERSONS. A party to an action cannot prevent the court from entering *nunc pro tunc* the judgment pronounced by it, by showing that some third person, not a party to said suit, has acquired an interest in the property involved in the litigation since the rendition of the judgment which it is sought to have spread upon the records.

ERROR from the district court of Washington county. Tried below before KEYSOR, J. *Affirmed.*

*John Lothrop*, for plaintiffs in error.

*Davis & Howell* and *E. R. Duffie*, contra.

RAGAN, C.

On September 15, 1890, in the district court of Washington county, an action came on for trial wherein Anton Michelson was plaintiff and Samuel Hyde, Welcome Hyde, John Lothrop, and Hortense Lothrop were defendants. It appears that Michelson in his petition in that action alleged that Welcome Hyde was, on December 8, 1857, the owner of certain real estate in controversy in the case; that on said date the said Welcome Hyde attempted to constitute the said Samuel Hyde his attorney in fact to sell and convey said real estate, but that the power of attorney was, in some manner not disclosed by the record, defective; that Samuel Hyde as such attorney in fact had, however, sold and conveyed, or attempted to convey, the real estate to Michelson; that subsequently Welcome Hyde and wife by quitclaim deed conveyed the premises in controversy to the defendant John Lothrop, who entered into possession thereof. It seems that Michelson in his petition prayed that the quitclaim deed from Welcome Hyde to the Lothrops might be set aside; that the said Welcome Hyde might be ordered to execute and deliver to the said Samuel Hyde a valid power of attorney authorizing the latter to sell and convey the real estate in controversy, and that in default of his doing so within twenty days the court should enter a decree reforming said power of attorney; and Michelson also prayed that the title to the real estate in controversy might be quieted and confirmed in him. It seems that neither Samuel Hyde nor Welcome Hyde appeared at any time during the pendency of the action, but the Lothrops appeared and defended the same. The judgment or decree entered by the district court in the case is not in the record. On February 23, 1894, Michelson moved the district court to enter a judg-

ment, as of the date of September 15, 1890, dismissing his petition in said case in so far as it related to his prayer that his title to the real estate described therein might be quieted and confirmed in him. Due notice of this application was served upon the Lothrops, and they appeared and resisted the motion. The district court found—and the evidence sustains the finding—that at the time of the trial of the action in September, 1890, and before its final submission, Michelson in open court dismissed that part of his petition which prayed that the title to the real estate in controversy might be quieted and confirmed in him; that the court allowed such dismissal to be made and announced that it would be so entered upon the records, but such dismissal was not so entered. Whether, in the decree rendered in the action at that time and journalized, anything was said in reference to quieting and confirming in Michelson the title to the real estate in controversy, we have no means of knowing, since, as already stated, the decree actually journalized at that time is not in the record. The district court in February, 1894, sustained the motion of Michelson for the entry *nunc pro tunc* of the decree dismissing his action in relation to the matter already mentioned, and this order Lothrop brings here for review on error.

1. It is not an open question in this state that the district courts thereof are invested with authority to make their records disclose what actually transpired. If in any proceeding pending in a court a judgment is actually pronounced or an order actually made, and if for any reason such judgment or order is not recorded, then, at any time afterwards, upon proper notice being given to the parties interested and the facts being established that such judgment was pronounced or such order made, the court may cause such order or judgment to be spread upon its records as of the date it was pronounced or made. (*Van Etten v. Test*, 49 Neb., 725, and cases there cited.)

2. The *nunc pro tunc* entry of the judgment in the case at bar was made more than three years after the actual rendition of the judgment; and it is insisted by counsel for plaintiff in error that the court was without jurisdiction to make this entry by reason of this lapse of time. This contention of counsel is based upon their construction of section 609 of the Code of Civil Procedure. This section provides that a proceeding to vacate or modify a judgment on account of the mistake, neglect, or omission of the clerk, or irregularity in obtaining such judgment, shall be brought within three years after such judgment is pronounced. But this is not an action to vacate or modify a judgment rendered. It is a proceeding to have spread upon the records a judgment which was in fact rendered but not recorded, and section 609 has no application to such a proceeding as this.

3. It appears, from the evidence introduced on the hearing of the motion for the *nunc pro tunc* entry of the judgment, that since the final decree was rendered in the case the Lothrops have conveyed the real estate in controversy to a man named Gustin; and the argument is here made that it was error for the court to make the *nunc pro tunc* order, since it affected the rights of third parties to the property affected thereby. The answer to this contention is that Gustin is not a party to this suit nor a party to this application for the *nunc pro tunc* order. He has not intervened either in the action or in this proceeding and asked for the protection of the court. The Lothrops cannot prevent the court from having spread upon its records the judgment actually rendered in the suit to which they were defendants by insisting upon any rights which Gustin may have acquired to the property. In other words, Gustin is not before the court, and his rights, if he have any, are not adjudicated in this proceeding. The judgment of the district court is

AFFIRMED.