H. GUND & COMPANY v. WILLIAM HORRIGAN ET AL.

FILED FEBRUARY 17, 1898.   No. 7848.

Judgments: ENTRY NUNC PRO TUNC.  If a judgment was in fact ren-
dered and such judgment was not recorded, the court at any time
afterward, in a proper proceeding, and upon a proper showing,
may render such judgment *nunc pro tunc.* Following *Van Etten
v. Test,* 49 Neb. 725.

ERROR from the district court of Adams county.
Tried below before BEALL, J.   *Affirmed.*

*B. F. Smith,* for plaintiffs in error.

*T. J. Doyle, contra.*

RYAN, C.

This action was begun in the district court of Adams
county to subject to the payment of a judgment certain
real property claimed by William and Catherine Hor-
rigan as a homestead.   On January 19, 1893, there was a
trial, resulting in findings of certain facts, among which
were the findings that William and Catherine Horrigan
had a homestead interest in the real property, subject
and second to a mortgage of $1,400 and accrued interest
thereon; that a conveyance of William and Catherine
Horrigan to their co-defendant, Peter Horrigan, was in
fact and law a mortgage, which was subject and inferior
to the claim of plaintiff, H. Gund & Co., and not a lien
upon the premises.   While these findings were followed
by an order directing that judgment be entered upon
them, there seems to have been no such judgment ren-
dered at that time.   On May 16, 1894, there was filed in
this case a paper, which, though more pretentious in its
designation and scope, may be treated as a motion for
an entry of judgment *nunc pro tunc.*   Notice of the pend-
ency of this application was served on the attorneys for
Gund & Co., by whom a special appearance was filed July

2, 1894, objecting to the jurisdiction of the court for the reason that no summons had been served on their client, and for the further reason that the court had lost jurisdiction of this case. On July 3, 1894, the record discloses that the cause was submitted to the court upon the evidence, oral, written, and documentary, which had been under consideration originally, and that the court thereon made a finding that the property was of the value of $3,400, and that because of the mortgage thereon of $1,400 there was no balance above the homestead exemption subject to the judgment in favor of H. Gund & Co. There was thereupon entered a decree that the judgment in favor of H. Gund & Co. was not a lien on the premises, and the homestead rights of William and Catherine Horrigan were quieted against said judgment. In *Van Etten v. Test*, 49 Neb. 725, it has been held that where, in fact, a judgment was rendered but not recorded, the court, at any time afterward, had power, independently of statutory authority, *nunc pro tunc*, to enter a proper judgment against the defendant upon due showing in a proper proceeding. The facts in this case justified the entry of a judgment *nunc pro tunc*, and in legal effect there was but the entry of such a judgment. There has been pointed out no irregularity in the exercise of this power, and we therefore conclude that no such irregularity exists. The judgment of the district court is accordingly

AFFIRMED.