M. E. ANDERSON v. McCLOUD-LOVE LIVE STOCK COMMISSION COMPANY ET AL.

FILED JUNE 8, 1899.   No. 8934

1. **Mortgage-Foreclosure:** CHANGE IN DECREE. A decree of foreclosure, after the final adjournment of the term at which it was rendered, cannot be changed in any essential particular without due notice to parties interested and an opportunity to be heard.

2. ——: ——: ENFORCEMENT. After the adjournment of the term the court retains jurisdiction for the purpose of enforcing the decree, but not for the purpose of destroying it.

3. **Mortgage:** RECITALS IN RELEASE: EVIDENCE. A release of a mortgage which recites that the entire debt has been paid, but releases only a portion of the mortgaged property, is not conclusive evidence of the fact recited.

4. **Liens:** RIGHT OF JUNIOR LIENOR TO REDEEM. A junior incumbrancer is entitled to redeem a senior incumbrance and to an assignment of the security redeemed.

5. **Mortgages:** RELEASE BY SENIOR MORTGAGEE. The release by a senior mortgagee of a portion of the mortgaged property will, if made with notice of a junior mortgage, operate in favor of the junior mortgagee as a satisfaction of the senior mortgage to the extent of the value of the property released.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J. *Affirmed.*

*L. H. Blackledge,* for plaintiff in error.

*A. J. Rittenhouse* and *Duffie & Van Dusen, contra.*

SULLIVAN, J.

Lydia Wray and James S. Wray, being the fee owners of four lots in the village of Culbertson and a ten-acre strip on the Frenchman creek adjacent to the village, mortgaged the same to the McCloud-Love Live Stock Commission Company to secure an indebtedness. This mortgage was duly recorded in the office of the county clerk of Hitchcock county and became a first lien on the property therein described. The Wrays afterwards executed a mortgage on the four lots to John Wyett, and he assigned it to M. E. Anderson. In an action brought by the commission company to enforce its lien the mortgagees and Anderson were made parties defendant, and on May 18, 1894, the district court rendered a decree of foreclosure on both mortgages, directing therein that the plaintiff resort for satisfaction of its decree to the ten-acre tract before selling the four lots which were Anderson's only security. The execution of the decree was stayed by an application filed in conformity with the statute. In August, 1894, as an element in the adjustment of a law action pending between the plaintiff and Wray, it was agreed that the ten-acre tract should be released from the lien of the plaintiff's mortgage. In pursuance of this agreement the following instrument was executed, acknowledged, and recorded in the proper office:

"RELEASE OF MORTGAGE.

"In consideration of the payment of the debt named therein, I release the mortgage made by Lydia Wray and James T. Wray to McCloud-Love Live Stock Commission Company on the following described property, situated in county of Hitchcock and state of Nebraska, to-wit: Commencing at the S. E. corner of lot No. 3 of section 17-3-31 west of 6th P. M., on the north bank of the Frenchman river, thence north on quarter-section line 6 chains, thence west at right angles 13 chains and 13 links, thence south at right angles 8 chains to river bank, thence east along the bank of said Frenchman river to place of be-

ginning, containing ten acres, according to survey; which was recorded on September 8, 1890, in book 9 of mortgages at page 215 of the mortgage records of Hitchcock county, Nebraska.

"Witness my hand this 11th day of August, 1894.

"McCloud-Love Live Stock Commission Co.,

· "L. E. Roberts, *Pres.*

"Signed and delivered in the presence of

"O. D. Bratton."

After the expiration of the stay, Anderson caused the four lots to be sold under the decree of foreclosure and became himself the purchaser at the sale. The sheriff's return shows that the purchase price was $1,225, but that no money was actually paid. On May 9, 1895, Anderson filed a verified application for confirmation of the sale, alleging therein that the plaintiff's mortgage had been fully satisfied and released of record. The court found the facts alleged to be true, confirmed the sale, and directed the sheriff to execute a deed conveying the premises to the purchaser. The plaintiff, soon after the order of confirmation was entered, learned for the first time of the foreclosure sale and the subsequent proceedings. It immediately filed a petition charging that the allegations of fact in Anderson's application for confirmation were false and were known to be so when made, and asking that the findings and orders based thereon be set aside. Anderson answered, and, after a full hearing, the court, upon the evidence produced, found the issues in favor of the plaintiff. The sale was set aside and the findings and orders made subsequent thereto were vacated. The value of the ten-acre tract was deducted from the amount due to the plaintiff, and an order made for the enforcement of the decree as thus modified. Anderson prosecutes error.

The judgment is clearly right and must be affirmed. It is indisputably established that the mortgage debt due from Wray to plaintiff was not in fact paid off or satisfied, and that the release executed on August 11, 1894,

was not intended by either of the parties thereto to affect in any way the plaintiff's right to enforce its decree by a sale of the village lots; and it is just as conclusively shown that Anderson's counsel had actual knowledge of these facts at the time the application for confirmation was presented. So it appears the court was induced to make the order of confirmation and award the proceeds of the sale to Anderson by an exhibition of deceptive facts and a deliberate suppression of the truth. But it is claimed that the plaintiff should have been in court resisting the application for confirmation, and that it has lost its rights by its own laches. This plea is not entitled to much consideration at the hands of a court that has been tricked into making an unjust order by the party presenting it. The rights of a litigant ought not to be sacrificed as a penalty for reposing reasonable confidence in the integrity of an adversary. However, it is not true that the plaintiff was bound to be in court to protect its rights under the decree. When the term adjourned the jurisdiction of the court with respect to the decree of foreclosure was at an end. That decree could not be afterwards changed in any essential particular without due notice and an opportunity to be heard. (5 Ency. Pl. & Pr. 1049.) The court, of course, retained jurisdiction for the purpose of enforcing the decree, but not for the purpose of destroying it. The court had authority to sell the property, but it did not have authority to cancel plaintiff's judgment or annul the lien of its mortgage. To the extent that it attempted to do so its action was void.

Counsel for Anderson, in his brief, insists that, entirely independent of the intention of the parties, the inevitable legal effect of the release above set out was to destroy the lien of the mortgage on the village lots. It is claimed that this contention is sustained by *Gadsden v. Latey*, 42 Neb. 128, and *Miller v. Hicken*, 92 Cal. 229. In each of these cases the operative part of the release expressly assumed to discharge the entire mortgage, and the question

47

presented was merely one of construction. The release in this case, it is true, contained an admission that the indebtedness secured by the mortgage had been paid, but it did not purport to discharge the mortgage as to all the property therein described, but only as to the ten-acre tract. It was undoubtedly evidence that the entire debt had been paid, but it was not conclusive evidence of that fact. We know of no reason why the recital of payment which, as between the parties to the release, had only the force of an admission, should raise an estoppel in favor of Anderson who knew that the recital was false.

Another contention made on behalf of Anderson is that the release of the ten-acre tract having impaired his right of redemption, he became entitled to a first lien on the four lots. Such is not the law. That a junior mortgagee is entitled to redeem a senior incumbrance and to an assignment of the security, will not be questioned. The right is recognized by the decisions of this court. (*Miller v. Finn*, 1 Neb. 254-301; *Renard v. Brown*, 7 Neb. 449.) But it is not the law that a release by a senior mortgagee of any portion of the mortgaged property, regardless of its value, will operate in favor of a junior mortgagee as a satisfaction of the entire mortgage. The rule established by numerous decisions is that the release in such case, if made with notice of the junior lien, will be effective as a satisfaction to the extent of the value of the parcel released. The principles of equity require only compensation to the junior incumbrancer for what he has lost by the release. (*Guion v. Knapp*, 6 Paige Ch. [N. Y.] 35; *Clowes v. Dickenson*, 5 Johns. Ch. [N. Y.] 235; *Gaskill v. Sine*, 2 Beas. [N. J.] 400; *George v. Wood*, 91 Mass. 81; *Iglehart v. Crane*, 42 Ill. 261; 3 Pomeroy, Equity Jurisprudence sec. 1226.) The judgment of the district court is

AFFIRMED.