## Carl D. Quinton v. State of Nebraska.

### Filed November 20, 1924. No. 24009.

1. **Criminal Law:** Appointment of Prosecutor. The appointment of an attorney to take the place of a disqualified county attorney under section 4917, Comp. St. 1922, rests in the sound discretion of the court, and its action in reference thereto is not error, unless an abuse of discretion is found.

2. ———: Plea in Abatement: Denial of Jury Trial. A denial of a jury trial upon an issue of fact tendered by a plea in abatement is not reversible error in a case where the record fails to disclose that the prisoner was in some manner prejudiced thereby. *Bolln v. State*, 51 Neb. 581.

3. ———: Plea in Bar: Waiver. Under the facts in this case the plea in bar is a waiver of all matters which might have been or which were raised by the plea in abatement.

4. ———: Judgment: Nunc pro Tunc Entry. A court may on its own motion, when the facts are within the knowledge of the presiding judge, enter of record a *nunc pro tunc* judgment, even at a subsequent term.

5. ———: Denial of Jury Trial. When a demurrer is interposed and properly sustained to a plea in bar, and the defendant elects to stand on the record thus made, it is not error to deny a jury trial on such plea.

6. ———: Discharge of Jury. If, during the trial of a criminal case, the court considers that a juror is unfit by reason of prejudice which was not disclosed on *voir dire* examination, and for that reason discharges the jury without prejudice to the prosecution, defendant is not thereby acquitted.

7. ———: Harmless Error. The court on its own motion gave an instruction to the jury, in which it quoted a section of the statute not applicable to the issues being tried. But, as it is found that the instruction did not prejudically affect the substantial rights of defendant, the giving of such instruction was not reversible error.

8. ———: New Trial. Where in apt words one is charged with a crime, trial had to a jury, and the verdict against the defendant is the only one which was warranted by the evidence of defendant, voluntarily given, as in this case, a new trial should not ordinarily be granted.

9. ———: Instructions: Corrections. A trial court should not

make any correction in its instructions to the jury after the same have been delivered and the jury have retired for deliberation, unless the jury and interested parties be first called into court for that purpose. But the making of the correction is not ground for reversal, ordinarily, unless found to be prejudicial to the person complaining.

ERROR to the district court for Cass county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Paul Jessen, D. W. Livingston* and *A. L. Tidd,* for plaintiff in error.

*O. S. Spillman, Attorney General, Lloyd Dort* and *J. A. Capwell, contra.*

Heard before MORRISSEY, C. J., DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

This is a prosecution by indictment, in the district court for Cass county, against Carl D. Quinton, Sheriff (plaintiff in error), wherein defendant was charged with malfeasance in office, under sections 2381 and 9722, Comp. St. 1922. The first two counts charged him, in substance. with failure to enforce the liquor laws of the state. The third, fourth, fifth, and sixth charged him with failure, as sheriff, to file quarterly reports with the board of county commissioners of Cass county of fees earned and collected by him as sheriff during the year 1923, and failure to make quarterly payments of such fees to the county treasurer of Cass county. The seventh and eighth counts charged him, in addition, with failure to report fees collected for serving processes issued by justice courts, and for serving processes issued by courts outside Cass county on persons within the county, respectively, and the eighth further charges him with failure to keep a record of such foreign fees.

Trial was had to a jury. There was a verdict of acquittal as to the first two counts, and of guilty as to the remaining six. Motion for a new trial was overruled, and judgment of removal from office and a fine of $200 was imposed on

defendant. Grounds upon which reversal is sought may be summarized as follows:

The court erred in refusing the then county attorney, A. G. Cole, permission to appear before the grand jury, and later to prosecute the case, and in appointing, on its own motion, D. O. Dwyer as special county attorney, and afterwards calling to his assistance W. R. Patrick; in refusing defendant a jury trial on his plea in abatement, and in overruling the plea.

The court erred in declaring a mistrial and discharging the jury on December 11, 1923, and afterwards, at a subsequent term, on January 16, 1924, in entering a *nunc pro tunc* order as to the December judgment.

The court erred in not considering evidence on issues raised, and in not granting defendant a jury trial on his plea in bar, after the state had interposed a demurrer to the plea, and while same was pending, and in sustaining the demurrer thereto, resulting in his being twice placed in jeopardy.

The court erred in changing a written instruction to the jury out of the presence of defendant, and in its failure to read said instruction to the jury after it was so changed, without conducting the jury into the courtroom for that purpose; and also in refusing to give instructions Nos. 2 and 3 requested by defendant, and in giving instructions Nos. 6 and 13 on its own motion.

Taking up these alleged errors in their order: We have carefully considered the facts upon which the court determined the incompetency of the then county attorney, A. G. Cole, and appointed D. O. Dwyer as special county attorney to appear before the grand jury, and in appointing him special attorney to prosecute the case, with Mr. Patrick as assistant, and we conclude that the facts warranted the action of the court, under section 4917, Comp. St. 1922, and within our holding in *Spaulding v. State,* 61 Neb. 289.

The record does not show that the defendant was prejudiced by the denial of his request for a jury trial on his plea in abatement, and the court did not err. *Bolln v. State,*

Quinton v. State.

51 Neb. 581. It must be remembered, also, that the plea in abatement was met by an answer, alleging substantial facts tending to refute the alleged disqualification of Dwyer, as alleged in the plea, to which no reply was filed. Therefore, the facts well pleaded in the answer stand admitted. The answer also contained an allegation " that the facts stated in the plea are not sufficient to abate the action." The court determined these two questions by overruling the plea, and its ruling was not error, either as one of fact or one of law.

Then defendant later filed a plea in bar. This was a complete waiver of all errors complained of growing out of or connected with his plea in abatement. *Bush v. State,* 55 Neb. 195; *Sheppard v. Graves,* 14 How. (U. S.) *505; *Robertson v. Lea,* 1 Stew. (Ala.) 141.

It must be remembered also that, in addition to the things ordinarily alleged in a plea in bar, defendant added thereto the following, and positively swore to it: " And this defendant alleges that said indictment was sufficient." A plea of previous acquittal must of necessity contain allegations showing legal jeopardy, which waives all previous attacks as to jurisdiction, indictment, and procedure. As stated in *Sheppard v. Graves, supra:* " If after such matters relied on, a defense be interposed in bar and going to the merits of the controversy, the grounds alleged in abatement become thereby immaterial, and are waived."

As to defendant's second contention: After the case had proceeded for a day or more on its merits, the court's attention was called to the misconduct of one of the jurors, Henry Brockman. An investigation was had by the court, in the presence of counsel for both parties and defendant. Witnesses as well as the juror were examined and cross-examined by the respective attorneys for the parties. At the conclusion of the hearing, December 11, 1923, the court announced as its judgment (as is shown by the *nunc pro tunc* order hereinafter referred to), in substance, as follows: That the court is convinced from the evidence that the juror, Henry Brockman, is incompetent and disquali-

fied on account of his partiality toward the defendant, and his failure to disclose this fact on his *voir dire* examination; that the state was thereby misled in permitting him to remain on the jury, and a fair and impartial trial cannot be had. On motion of the state, the court declared a mistrial and discharged the jury from further consideration of the case, without prejudice to the prosecution.

After this discharge of the jury, and at a subsequent term of court, the plea of not guilty was withdrawn, and a plea in bar on the part of defendant was filed, which alleged, in substance, that the rendering of the judgment of December 11, 1923, was an acquittal of defendant, and to permit the state to proceed under the original indictment would be to place defendant twice in jeopardy. The state demurred to this plea. The court then on its own motion, the same judge presiding who declared the mistrial and discharged the jury, having in mind what took place on December 11, 1923, and also the clerk's entry appearing on the journal, entered a *nunc pro tunc* order, entering of record the judgment rendered December 11, 1923. The entry of this *nunc pro tunc* order on January 16, 1924, made the record show as of December 11, 1923, what in fact was done by the court on that date. Such orders are frequently made in the furtherance of justice and the due administration of the law, and may be made at the term or at a subsequent term. Error was not thus committed. 15 C. J. 972, sec. 386; *State v. Moran*, 24 Neb. 103; *Van Etten v. Test*, 49 Neb. 725; *Central West Investment Co. v. Barker*, 79 Neb. 47; *Sutter v. State*, 105 Neb. 144.

As to the third assignment of error: After this *nunc pro tunc* order had been entered, the case came on to be heard on the demurrer to the plea, which was sustained. It is elementary that a court will take judicial notice of its own records in the case before it. After the *nunc pro tunc* order was entered, the judgment discharging the jury without prejudice, and holding the case for trial, was before the court. The issue then was one of law and not of fact. This being the status of the case, the court did not err in sus-

taining the demurrer and denying a trial by jury on this plea. *George v. State,* 59 Neb. 163.

Defendant cites in support of his contention that he has been twice placed in jeopardy section 10151, Comp. St. 1922, which is as follows: " In case a jury shall be discharged on account of sickness of a juror, or other accident or calamity requiring their discharge, or after they have been kept so long together that there is no probability of agreeing, the court shall, upon directing the discharge, order that the reasons for such discharge shall be entered upon the journal; and such discharge shall be without prejudice to the prosecution." He contends that the judgment did not adjudge that a juror was sick, or that an accident or calamity had occurred, or that there had been a failure of the jury to agree, and that as the cause for the discharge of the jury did not come within the ordinary understanding of either " accident or calamity," or failure to agree, the act of the court at the trial was in law an acquittal, and he is twice placed in jeopardy. From such a contention, reason and justice revolt. While the words " accident " and " calamity " are usually used in a physical sense, we hold that they include as well a case where a biased juror is discovered during the progress of the trial, as in this case. The object of the statute is to insure a fair trial to all litigants. We held in *Davis v. State,* 51 Neb. 301, that the insanity of a juror authorizes the discharge of the jury, being an "accident or calamity." And in *Sutter v. State, supra,* we held that the discharge of the jury because of failure to agree is not an acquittal.

The right, in the absence of statute, to exclude a juror and discharge the jury in a proper case, without prejudice to a future trial of the case on its merits, is and of necessity must be inherent in the court, within its sound discretion. This is necessary to the protection of the state, as well as for the protection of defendant. To deny it to either would be a flagrant abuse of the discretion imposed. *Simmons v. United States,* 142 U. S. 148; *State v. Vaughan,* 23 Nev. 103; *State v. Wiseman,* 68 N. Car. 203; *State v. Washing-*

*ton,* 89 N. Car. 535; *State v. Diskin,* 34 La. Ann. 919; *King v. Ketteridge,* 1 L. R. K. B. Div. (Eng. 1915) 467.

Thus, we conclude that the court, in considering the juror disqualified, in discharging the jury, and in sustaining the demurrer to the plea in bar, was clearly within the law, and that its acts and doings, as shown by the record, did not place defendant twice in jeopardy. *State v. Hansford,* 76 Kan. 678; *State v. Allen,* 46 Conn. 531; *People v. Sharp,* 163 Mich. 79; *Gardes v. United States,* 87 Fed. 172.

Instruction No. 3, requested by defendant and refused, read in part, as follows: "The law no place requires the sheriff to keep a fee book." Instruction No. 6, given, charged the jury, among other things, that section 2397, Comp. St. 1922, which requires certain county officers, "named in the second preceding section," to keep a fee book includes sheriff. This second preceding section was the first section of an entire act passed by the legislature in 1877 (Laws 1877, p. 215), and it included sheriff. An amendment to this first section was passed in 1907 (Laws 1907, ch. 57) which omitted sheriff, and he has never since been reincluded. However, we do not see how this instruction could have been prejudicial to defendant, and we hold it was not. The statute requiring the making of quarterly reports to the county board is mandatory. *State v. Hazelet,* 41 Neb. 257; *Hazelet v. Holt County,* 51 Neb. 716; *Sheibley v. Dixon County,* 61 Neb. 409; *Douglas County v. Vinsonhaler,* 82 Neb. 810. Defendant's own testimony shows that he failed to make these reports as required by the statute, and to pay over certain fees collected, although possessed of actual knowledge of the requirements of the statute. We quote from his testimony:

"Q. Now, Mr. Quinton, I believe you testified that the only report of fees, or the first report of fees that you filed covering fees earned by you in 1923, was filed on the 21st day of November, 1923? A. Yes, sir. Q. That is true, is it not? A. I think so, along about that time. * * * Q. And you knew the law required you to make a quarterly report on the first Tuesday of January, April, July,

and October of each year, didn't you?   A.   Yes, sir."

Thus, the admitted facts on the part of defendant warranted the jury in finding him guilty of malfeasance in office as charged, because of a palpable omission of duty, under section 9722, Comp. St. 1922.   We conclude, therefore, that no prejudicial error was committed by the court in refusing to give defendant's instruction No. 3, and in giving on its own motion instruction No. 6.   There was no other conclusion warranted by the evidence than that arrived at by the jury, and their findings and the judgment of the court rendered thereon should not, and will not, be disturbed.   *Kielbeck v. Chicago, B. & Q. R. Co.,* 70 Neb. 571; *Goetz Brewing Co. v. Waln,* 92 Neb. 614.

Taken as an entirety, instruction No. 13 fairly states the law applicable to the charges alleged in the indictment against the defendant, and is not vulnerable to the criticisms interposed.

As to the contention that the court erred in changing the wording of an instruction after the same was read to the jury, and while the jury were deliberating on their verdict, the record shows that the modification was made, and that all was done, in the presence of defendant's attorney, and without objection or exception on his part.   This modification consisted merely of changing the words " would be " to " may be found."   This was not technically in line with the rules that should be, and ordinarily are, observed.   The better practice would have been to have called the jury, defendant, and attorneys interested into the courtroom, and there made the correction, and read the instruction as corrected to the jury.   Yet, under the circumstances shown, and taking the same in connection with the other instructions given, reversible error was not committed.   At best, the same is a mere technicality, and " no substantial miscarriage of justice has actually occurred." Section 10186, Comp. St. 1922.

We have carefully examined defendant's other assignments of alleged error, but we find that they are not well taken, and that the judgment of the district court is in

692                NEBRASKA REPORTS.        [VOL. 112

all things right, and should be and hereby is affirmed. This makes it unnecessary to discuss the state's motion to dismiss.

The judgment of the district court is

AFFIRMED.

Note—See Courts, 15 C. J. sec. 386; Criminal Law, 16 C. J. secs. 404, 747, 2067, 2558, 2617 (1926 Ann.), 3106; 17 C. J. secs. 3579, 3627, 3637 (1926 Ann.), 3690, 3715; District and Prosecuting Attorneys, 18 C. J. sec. 82; Juries, 35 C. J. sec. 98 (1926 Ann.).