ARTHUR H. LANGE, APPELLANT, V. KANSAS HIDE & WOOL COMPANY ET AL., APPELLEES.

97 N. W. 2d 246

Filed June 5, 1959. No. 34515.

*Hotz & Hotz* and *Samuel J. Hunter,* for appellant.

*White, Lipp & Simon,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Arthur H. Lange, filed this action July 7, 1955, against defendants, Kansas Hide & Wool Company, a corporation, and Jack Goldstein, its alleged general manager, seeking to recover $1,862.30 pursuant to an alleged written contract entered into September 27, 1950, by plaintiff and Jack Goldstein, whereby plaintiff agreed to sell and defendant corporation agreed to

buy one carload of No. 1 cast iron for $35 per net ton, to be shipped f.o.b. Ord, Nebraska, by straight bill of lading, with time of delivery immediately to John Deere Planter Works, Moline, Illinois, car number to be sent as soon as the car was spotted and loaded.

For brevity, defendant Kansas Hide & Wool Company will be called defendant; Jack Goldstein will be called Goldstein; when speaking of both, they will be called defendants; and John Deere Planter Works will be called Planters.

Plaintiff's petition alleged that he shipped Reading Car. No. 21697 to Planters in pursuance of said contract, which car timely left Ansley, Nebraska, consigned to Planters; that it was delivered to Planters, who on November 21, 1950, paid defendant or Goldstein in its behalf therefor; and that said defendants and each of them, although liable to plaintiff for the contract price of the car and interest thereon from November 21, 1950, in the total sum of $1,862.30, have failed and neglected to pay same as demanded by plaintiff. A copy of said contract was attached to and made a part of plaintiff's petition.

Thereafter, defendants' motion to make plaintiff's petition more definite and certain was overruled, and defendants answered by filing a general denial. Thereafter, without objection, defendants were permitted to file an amended answer, which, after denying generally, admitted that on September 27, 1950, defendant ordered one carload of No. 1 cast iron as alleged. Defendants alleged, however, that notwithstanding plaintiff's agreement to ship immediately, he failed to do so; that after numerous demands for performance, plaintiff notified defendant on or about October 16, 1950, that shipment of said order would be made by Chicago, Burlington & Quincy Railroad Company in car No. SLSF 61254; and that on October 16, 1950, plaintiff drew a sight draft upon defendant for $1,000, which was honored by said defendants in reliance upon such shipment of

car No. SLSF 61254. Defendants then alleged that on October 26, 1950, defendant requested bill of lading as evidence of weights contained in said car so as to permit billing, whereupon on October 28, 1950, in reply to such request, plaintiff notified defendant that he had diverted car No. SLSF 61254 to others, but plaintiff forwarded therewith a bill of lading on another car which plaintiff advised defendants had already been unloaded at Planters. However, defendants alleged that Planters refused to recognize any interest or right of defendant in and to the said unloaded shipment, and has never paid defendants or either of them any sum whatever for or on account of any shipment made by plaintiff pursuant to the September 27, 1950, contract; and that defendant immediately demanded payment from plaintiff of said funds drawn as aforesaid by plaintiff under the order of September 27, 1950, together with other amounts due on account from plaintiff to defendant, aggregating $1,646.03. A copy of such account and demand was attached to and made a part of defendants' amended answer. Defendants then alleged that on November 16, 1950, after repeated demands for such payment had been made, plaintiff delivered to defendant his check for $1,646.03, but such check was dishonored for insufficient funds, whereupon defendants were required to employ counsel who ultimately collected said claim from plaintiff in February 1951.

On November 26, 1956, defendants filed a five-paragraph request for admissions with four exhibits attached thereto, and a receipt for service of a copy thereof was acknowledged by plaintiff's counsel on the same date. However, said request for admissions was never answered in any manner by plaintiff.

On February 19, 1957, defendants filed a motion for summary judgment, supported by filed affidavits of defendant Goldstein and Ray R. Simon, one of defendants' attorneys, with documents attached thereto, and the admissions of plaintiff and the pleadings filed by

the parties, together with an analysis thereof included in said motion. The motion was thereupon noticed for hearing on March 1, 1957; and a copy of said motion, with affidavits and documents attached, was served upon plaintiff's counsel, who on February 19, 1957, acknowledged receipt thereof.

Thereafter, on February 21, 1957, plaintiff filed a motion to strike certain portions of defendants' amended answer which had been on file since October 31, 1956, and said motion was noticed for hearing on March 1, 1957. Receipt of a copy of said notice and motion was acknowledged by defendants' counsel on February 21, 1957. In that connection, plaintiff's notice also said in part: "You are further notified that, if agreeable to the Court, the plaintiff will consent to your Motion for Summary Judgment being first heard, followed by a hearing on the plaintiff's Motion to Strike."

On March 1, 1957, a hearing was had on defendants' motion for summary judgment, and, arguments of counsel having been presented thereon, said motion was submitted to the court and taken under advisement.

Thereafter, on March 7, 1957, or 6 days after defendants' motion for summary judgment had been argued and submitted, plaintiff filed a motion for leave to amend his petition and file a reply instanter. Such motion contained an extensive recital of factual allegations and argument with documents attached, and was positively verified by plaintiff. In that connection, paragraphs Nos. 15 and 17 of the motion said: "That accompanying this duly verified motion for leave to amend and file verified reply, the plaintiff prays the court to consider, in passing upon the motion for summary judgment, the contents of this motion and the contents of the reply when ordered filed, together with the motion to strike from defendant's answer. * * * Plaintiff, consequently moves the court to consider all of the foregoing verified motion in defense of the motion for summary judgment and the defendants 'Memorandum'

submitted to the court on March 6, 1957 in support of their summary judgment proceedings." Endorsed on the motion was: "Copy hereof duly mailed to attorneys for defendants on 3/7/57, Copy likewise mailed Court."

On March 21, 1957, the trial court rendered judgment which recited that motion for summary judgment having been theretofore submitted upon arguments of counsel, and the court having considered the filed pleadings and affidavits, and being fully advised, finds that no genuine issue exists as to any material fact, and that defendants were entitled to judgment as a matter of law. Defendants' motion for summary judgment was sustained, and judgment was rendered in favor of defendants and each of them, with costs taxed to plaintiff.

On April 1, 1957, plaintiff filed a motion for new trial, the title of which included requests for an order permitting amendment of his petition and filing of a reply, and an order sustaining plaintiff's motion to strike parts of defendants' answer. Plaintiff also filed an affidavit of plaintiff which purportedly supported his motion. In that connection, there is no contention that the facts recited therein were newly discovered evidence, and they were clearly available to plaintiff at all times both before and at the time of hearing on defendants' motion for summary judgment and the rendition of judgment thereon.

Hearing on plaintiff's motion for new trial, after same had been duly noticed, was had on July 11, 1958, and same was argued and submitted. At such hearing, the order recites that plaintiff offered in evidence a letter dated January 25, 1955, from Planters to plaintiff's attorney, and plaintiff's affidavit aforesaid to which defendants' objection was sustained. Thereupon, plaintiff's motion for new trial was overruled, and plaintiff's request filed March 7, 1957, to amend his petition and file reply, which motion had never theretofore been

presented for ruling thereon, was denied because it was made 6 days after summary judgment had been argued and submitted without objection, rather than as required by sections 25-1332 and 25-1335, R. R. S. 1943.

Thereafter, plaintiff appealed, assigning in substance that the trial court erred as follows: (1) In rendering summary judgment for defendants; (2) in overruling plaintiff's motion for new trial and denying him the right to amend his petition and file a reply; and (3) in failing to rule on plaintiff's motion to strike parts of defendants' answer. We do not sustain the assignments.

It should be first pointed out that there is no bill of exceptions before this court which contains anything except the two documents purportedly offered by plaintiff at the hearing on his motion for new trial. In such purported bill of exceptions, the court reporter certified that on August 21, 1958, in the presence of plaintiff's attorney, but with no one appearing for defendants, and after two documents had been marked by the reporter as exhibits Nos. 1 and 2, the trial court dictated the following: "During the Argument on a Motion for New Trial made July 11, 1958, the Plaintiff offered in evidence, without the reporter being present, a letter from Deere & Company (Planters), dated January 25, 1955, which letter is marked Exhibit 1; and the affidavit of Arthur H. Lange, filed April 1, 1957, which * * * is marked Exhibit 2; to both of which exhibits the Defendants objected in detail, and such objection was sustained."

It will be noted that such proceedings took place retrospectively in the absence of and without notice to defendants' counsel more than 40 days after plaintiff's motion for new trial had been argued, submitted, and overruled, and that only such two exhibits and no other evidence appears in the bill of exceptions, which was settled by the court subject to some nine written meritorious objections thereto by defendants.

In that connection, plaintiff argued in his brief here that exhibits Nos. 1 and 2 aforesaid, so offered at the hearing on his motion for new trial, are before this court for consideration despite the fact that objections thereto were properly sustained at the hearing on motion for new trial. Also, such ruling is not assigned as error in plaintiff's brief, and their exclusion was clearly not a plain error unassigned. Therefore, we will not give such exhibits further consideration. See Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612, which supports that conclusion. The net effect then is that we have no bill of exceptions in this case which has any factual bearing upon the validity of the summary judgment.

With regard to plaintiff's motion filed February 21, 1957, to strike parts of defendants' amended answer, it will be remembered that in the notice of hearing thereon, plaintiff said: "You are further notified that, if agreeable to the Court, the plaintiff will consent to your Motion for Summary Judgment being first heard, followed by a hearing on the plaintiff's Motion to Strike." In that situation, such motion, although noticed for hearing on March 1, 1957, is not shown by the record to have ever been presented to the trial court for ruling thereon. Also, admittedly no ruling was ever made thereon by the trial court either before or after hearing on defendants' motion for summary judgment heard March 1, 1957, and rendition of such judgment on March 21, 1957. Therefore, plaintiff's assignment that the trial court erred in failing to rule on said motion to strike will not be considered on this appeal.

In Underwriters Acceptance Corp. v. Dunkin, 152 Neb. 550, 41 N. W. 2d 855, we reaffirmed that: "A question not presented and ruled on by the trial court will not be considered on appeal. Neither does a motion, which was never presented and ruled on below, present anything for review."

Further, in view of the language of the notice heretofore quoted, it appears that if defendants' motion for

summary judgment was sustained, the motion to strike would not be reached for ruling, and that is exactly what happened, as requested by plaintiff. Under the circumstances presented in this record, it appears that in any event plaintiff waived any ruling on his motion to strike.

Plaintiff assigns that the trial court erred in failing to sustain his motion filed March 7, 1957, some 6 days after defendants' motion for summary judgment had been voluntarily argued and submitted, for leave to amend his petition and file a reply instanter, which motion was in fact a counter affidavit positively verified. It read in part: "That accompanying this duly verified motion for leave to amend and file verified reply, the plaintiff prays the court to consider, in passing upon the motion for summary judgment, the contents of this motion and the contents of the reply when ordered filed, together with the motion to strike from defendants' answer. * * * Plaintiff, consequently moves the court to consider all of the foregoing verified motion in defense of the motion for summary judgment and the defendants 'Memorandum' submitted to the court on March 6, 1957 in support of their summary judgment proceedings." The assignment has no merit.

In that connection, plaintiff argues that such motion containing factual allegations was among the pleadings entitled to consideration in rendering summary judgment. While the trial court may have so considered such counter affidavit within the sphere of pleadings for that purpose, and probably did as requested by plaintiff, it is not a part of any bill of exceptions and, as hereinafter observed, it is entitled to no consideration here. An affidavit masquerading as a motion should be and is treated as an affidavit. Plaintiff requested in his motion that the court consider the facts recited therein in its determination of defendants' motion for summary judgment. If the court did so, as plaintiff claims and as he requested, then plaintiff was not preju-

diced by a lack of ruling upon the motion because the amended petition and reply would have contained the identical allegations, and would have been given the same consideration for summary judgment purposes as the motion per se was in fact given. As a matter of fact, also, the record does not disclose that said motion ever was presented to the court for ruling thereon prior to rendition of summary judgment, and plaintiff's brief here admits that prior to rendition of the summary judgment: "No ruling ever made on appellant's motion for leave to amend petition instanter, and file reply; * * *."

We turn then to plaintiff's assignment that the trial court erred in rendering summary judgment for defendants. The assignment has no merit. In that connection, the trial court in rendering summary judgment had before it the filed pleadings, affidavits, and defendants' request for admissions, none of which were answered by plaintiff as required, and we have no bill of exceptions containing said affidavits or request for admissions. Yet, plaintiff argues that the facts adduced before the trial court in the hearing on defendants' motion for summary judgment and thereafter were insufficient to support the summary judgment rendered by the court. In any event, plaintiff also argues that the pleadings filed herein were factually insufficient to support the judgment, but, contrary to plaintiff's contention, defendants did not admit in their amended answer or any other pleading the material facts alleged in plaintiff's petition, and defendants did not plead a waiver or estoppel or matters in avoidance as a defense thereto.

In Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396, this court held: "The court examines the evidence on motion for summary judgment, not to decide any issue of fact, but to discover if a real issue of fact exists.

"In the absence of a bill of exceptions, no question will be considered, a determination of which requires

an examination of the evidence produced in the district court.

"Any assignment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions.

"If there is no bill of exceptions, it is presumed in this court that an issue of fact raised by pleading was sustained by evidence and that it was correctly decided by the district court."

Also, in Spidel Farm Supply, Inc. v. Line, 165 Neb. 664, 86 N. W. 2d 789, this court reaffirmed that: "An affidavit used as evidence in the district court cannot be considered on an appeal of the cause to this court unless it is offered in evidence in the trial court, and preserved in and made a part of the bill of exceptions.

"An affidavit used as evidence in the district court, filed in the office of the clerk of the court, and exhibited in the transcript is unimportant to a consideration and decision of an appeal in the cause to this court." The same rule applies to requests for admissions and answers thereto, if any.

Further, in Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543, we held that: "A motion for a summary judgment is not a substitute for a motion to dismiss, a demurrer, or a judgment on the pleadings. It is a new procedure which may be used in certain cases where other procedural steps are not effective.

"The summary judgment is effective and serves a separate useful purpose only when it can be used to pierce allegations in the pleadings and show that the facts are otherwise than as alleged." Such rules are applicable and controlling here.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and is hereby affirmed. All costs are taxed to plaintiff.

AFFIRMED.