STATE OF NEBRASKA, APPELLANT, V. VIRGIL O. KORTUM, APPELLEE.

125 N. W. 2d 196

Filed December 13, 1963.   No. 35580.

Clarence A. H. Meyer, Attorney General, Bernard L. Packett, and Richard L. Kuhlman, for appellant.

Paul E. Rhodes, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

The general question involved in this case is the validity of a nunc pro tunc order correcting a judgment and sentence in a criminal case.

The journal entry of judgment and sentence of the defendant, which was signed by the judge of the district court on September 27, 1958, and filed the same day, reflects and states that the defendant was sentenced "for a term of 11 years from date hereof for the crime

of Possession of Forged Instrument and Habitual Criminal, * * *."

On April 15, 1963, the district judge for Dodge County, Nebraska, signed and entered of record a "Journal Entry and Order Nunc Pro Tunc," correcting the original journal entry referred to above. It recites, in substance, that the defendant appeared by his counsel and applied for an order nunc pro tunc to correctly reflect the actual sentence ordered on September 26, 1958. It recites the reception in evidence of the shorthand notes of the court reporter as to the actual sentence pronounced in open court in the following language:

"The Court: I have to ask you, Virgil, if you have anything to say before sentence is pronounced.

"Virgil O. Kortum: No, sir.

"The Court: The sentence will be one year for the possession of a forged instrument and ten years as an habitual criminal to run consecutively, or a total sentence of eleven years."

The journal entry, in substance, then orders the previously recorded sentence of the defendant stricken, and the above sentence substituted as the actual sentence pronounced in open court upon the defendant.

On May 13, 1963, the State filed a motion in this case to set aside the nunc pro tunc order, directly attacking both the jurisdiction of the court to enter this order nunc pro tunc and asserting on the merits that the sentence recited in the first journal entry of September 27, 1958, was the true sentence. This motion requested the court to permit "additional testimony" to be introduced upon these issues and asked for a hearing thereon. The motion states:

"1. That no notice was given to the State of Nebraska of the time and place of hearing, prior to the hearing.

"2. That the hearing was an ex parte hearing and additional testimony should have been adduced in order for the record to reflect the whole 'truth'. That the

order as first entered herein was a correct reflection of the truth and that in the interest of justice the Order Nunc Pro Tunc entered herein must be set aside."

On May 24, 1963, upon notice served by the State on the defendant and his attorney, a full hearing on this motion to set aside the nunc pro tunc order was held. Evidence, both oral and written, was introduced. The court overruled the State's motion, and the record shows that in the journal entry overruling the State's motion that the court ordered the testimony and exhibits received in evidence at the hearing on the motion to be made a part of the record. The State filed a motion for rehearing which was overruled and now it appeals assigning as error only that the district court erred in entering the nunc pro tunc order correcting the sentence, on application by the defendant, without notice of hearing thereon being given to the State.

It is the State's contention that the entry of a nunc pro tunc order on the court's own motion, or on application of the defendant, without notice to the State is void, citing Wachsmuth v. Orient Ins. Co., 49 Neb. 590, 68 N. W. 935; Van Etten v. Test, 49 Neb. 725, 68 N. W. 1023; Hyde v. Michelson, 52 Neb. 680, 72 N. W. 1035, 66 Am. S. R. 533; Anderson v. McCloud-Love Live Stock Commission Co., 58 Neb. 670, 79 N. W. 613; Ex parte Wray, 61 Okl. Cr. 162, 66 P. 2d 965; Dees v. State, 151 Miss. 46, 117 S. 369.

We have examined these cases and they support the proposition that a court has inherent power in a criminal case to correct its records to reflect the truth, nunc pro tunc, and that notice of a proceeding by which such power is exercised should be served on the accused. We see no reason on principle why the State should not be accorded the same requisite notice. That this power of the court in a criminal case to correct its records nunc pro tunc existed both at the time of the journal entry of April 15, 1963, and on May 24, 1963, when motion of the State was heard, is well settled. In Quinton v.

State, 112 Neb. 684, 200 N. W. 881, a criminal case, our court said: "The court then on its own motion, the same judge presiding who declared the mistrial and discharged the jury, having in mind what took place on December 11, 1923, and also the clerk's entry appearing on the journal, entered a nunc pro tunc order, entering of record the judgment rendered December 11, 1923. The entry of this nunc pro tunc order on January 16, 1924, made the record show as of December 11, 1923, what in fact was done by the court on that date. Such orders are frequently made in the furtherance of justice and the due administration of the law, and may be made at the term or at a subsequent term. Error was not thus committed. 15 C. J. 972, sec. 386; State v. Moran, 24 Neb. 103; Van Etten v. Test, 49 Neb. 725; Central West Investment Co. v. Barker, 79 Neb. 47; Sutter v. State, 105 Neb. 144."

Although the Quinton case does not pass on or consider the question of notice, the general rule seems to support the requirement of notice, especially if the order is made, as here, at a subsequent term. See 24 C. J. S., Criminal Law, § 1597, p. 619, notes 72-78, citing Quinton v. State, *supra.*

But here the State, in a direct attack on the order nunc pro tunc, raised the factual issue of notice and also the issue of the validity and propriety of the nunc pro tunc order and whether, on the merits, it did actually correct the record to reflect the truth of the original sentence. These issues were tried by the court at the hearing of May 24, 1963, and its order refusing to vacate the nunc pro tunc order was based on the evidence introduced at that hearing and specifically incorporated by the court in the record of that hearing.

There is no bill of exceptions in this case, and the evidence taken at the hearing of May 24, 1963, is not before us for consideration. In the absence of a bill of exceptions, any assignment of error that requires an examination of evidence cannot prevail on appeal. In

such a situation, the only question before the court is whether the pleadings support the judgment. Hazelet v. Holt County, 51 Neb. 724, 71 N. W. 719; In re Estate of Abts, 122 Neb. 714, 241 N. W. 270; Lange v. Kansas Hide & Wool Co., 168 Neb. 601, 97 N. W. 2d 246; Hilligas v. Farr, 171 Neb. 105, 105 N. W. 2d 578. The appeal is from the order refusing to vacate the nunc pro tunc judgment and sentence. The State's motion to vacate affirmatively raised the issue of whether notice was given and, more importantly, raised the issue of the propriety of the nunc pro tunc order on its merits, and asked to introduce "additional evidence" on this issue. In substance, the State asks for a redetermination on the merits of the original issue as to the validity of the judgment and sentence entered nunc pro tunc. The State cannot now claim, in effect, that there was no notice of the very hearing in which, by its own pleadings, these issues were raised. The pleadings in the motion would have supported a finding either way. The finding was adverse to the State. Under the applicable rule set out above, it must be conclusively presumed that the court based the adverse rulings on sufficient competent evidence as to all issues raised.

The purpose of any requirement of notice in this situation would be to give the defendant or the State an opportunity to be heard on the merits of its contention as to the validity of the nunc pro tunc order. Such opportunity was granted the State on issues raised in its own motion. A hearing was held and evidence introduced. Error in the ruling on these issues presented by the State cannot be reviewed in this court, when the evidence on which it was based is not before it.

From the record before us, no error can be found in the judgment of the district court, and it is affirmed.

AFFIRMED.