230 N.W.2d 219 (1975)
194 Neb. 94
STATE of Nebraska, Appellee,
v.
Jack G. JACOBSEN, Appellant (two cases).
Nos. 39825, 39826.
Supreme Court of Nebraska.
June 5, 1975.
*220 Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, George R. Sornberger, Robert C. Sigler, Omaha, for appellant.
Paul L. Douglas, Atty. Gen., Steven C. Smith, Sp. Asst. Atty. Gen., Lincoln, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
CLINTON, Justice.
Defendant, Jack G. Jacobsen, was found guilty in the municipal court of the city of Omaha on charges of operating a motor vehicle during a period when his operator's license was under suspension, contrary to the provisions of section 60-430.01, R.R.S. 1943, and of having made an improper turn. He was sentenced to 30 days in the county jail and given a year's suspension of his driver's license on the first charge, and sentenced to 7 days in the county jail on the second charge. He appealed to the District Court where the findings of guilty were affirmed. The sentences were also affirmed except that the 7-day jail sentence was reduced to 1 day. Defendant then appealed to this court and the two cases are consolidated here.
*221 The errors assigned are: (1) The court below erred in finding the defendant had received "sufficient" notice of the fact that his license had been suspended; and (2) the evidence is insufficient to support the findings of guilty on the two charges.
A fundamental procedural defect makes it impossible for us to hear the matter on the merits of the errors assigned. In the absence of a proper bill of exceptions, any assignment of error that requires an examination of evidence cannot prevail on appeal. In such a case, the only question presented to this court is the sufficiency of the pleadings to sustain the judgment of the trial court. State v. Kortum, 176 Neb. 108, 125 N.W.2d 196.
The transcripts in these cases show that after entry of judgment in the District Court the defendant filed in the usual form in that court praecipes for bills of exceptions. These praecipes came to the attention of the court reporter, the transcripts showing a signed acknowledgment by the reporter of receipt of the requests. On these receipts the reporter apparently has written, "Nothing taken in District Court by reporter." There is before us no bill of exceptions and this is acknowledged by counsel in their brief.
It would appear counsel has assumed that the enactment of sections 24-541 to 24-551, R.S.Supp., 1974, sections 41 to 51 of Laws 1972, L.B. 1032, pp. 347 to 351, has somehow changed the rules for preparation, settlement, allowance, certification, filing, and amendment of the bill of exceptions upon appeal to this court. Sections 24-541 to 24-551, R.S.Supp., 1974, govern appeals to and trials in the District Court from judgments of the county and municipal courts. These sections in no way govern the rules applicable to the necessity of and preparation, etc., of bills of exceptions on appeal to this court from the District Court even though the trial in the District Court may have been heard solely upon the record of the testimony and evidence in the county or municipal court.
Appeals to this court are governed by certain sections of Chapter 25 of the 1943 Reissue Revised Statutes. Section 25-1140, R.R.S.1943, says: "Upon appeal from the district court to the Supreme Court, the party appealing may order a bill of exceptions by filing in the office of the clerk of the district court a praecipe therefor within the time allowed for filing a notice of appeal. The procedure for preparation, settlement, signature, allowance, certification, filing, and amendment of the bill of exceptions shall be regulated and governed by rules of practice prescribed by the Supreme Court." Pursuant to that section of the statutes this court has enacted Rules 7, subds. a through j, Revised Rules of the Supreme Court, 1974. These rules provide in part as follows: "The bill of exceptions shall be certified by the court reporter as being correct and complete in accordance with the praecipe.
"2. If the court reporter is unable to prepare and certify a bill of exceptions, a bill of exceptions shall be prepared under the direction and supervision of the trial judge and shall be certified by the judge and delivered to the clerk of the district court." Rules 7, subd. d, pars. 1, 2. The bill of exceptions may be amended "at any time prior to the time the case is submitted to the Supreme Court." Rule 7, subd. e. Such amendment would, no doubt, include supplying the omission of the certificate of the necessary officer, either the court reporter or the judge as the case may be. See O'Conner v. Fields, 79 Neb. 840, 113 N.W. 528, decided under earlier and different statutes and rules.
A bill of exceptions, properly certified, has always been a necessary condition for review by this court of an order of the court below when the errors assigned require an examination of the evidence. Denise v. City of Omaha, 49 Neb. 750, 69 N.W. 119; Everts v. School Dist. No. 16, 175 Neb. 310, 121 N.W.2d 487; Hilligas v. Farr, 171 Neb. 105, 105 N.W.2d 578; State v. Kortum, *222 supra. In the absence of a bill of exceptions, it is presumed that an issue of fact presented by pleadings is established by the evidence. Sawyer v. Kunkel, 166 Neb. 303, 88 N.W.2d 906 (also decided under an earlier statute).
The reason for the rule is, and has been, to assure that this court reviews the case upon the evidence actually received and considered in the trial court. The purpose of the certificate, of course, is to insure authenticity.
There appears in the transcript in this case a record of the testimony apparently received in the municipal court. Section 24-541, R.S.Supp., 1974, provides: "In all cases not otherwise specifically provided for, either party may appeal from the final judgment of the county or municipal court to the district court of the county where the judgment was rendered. All such appeals shall be de novo on the record except those matters referred to in section 30-1601, which matters shall be appealed de novo. In matters appealed de novo on the record, the district court may, in its discretion, receive additional evidence if the court determines that such evidence is reasonably necessary to determine the issues, make findings of fact and render judgment thereon. The district court may affirm, modify, or vacate the judgment, or may remand the case to the county or municipal court for a new trial." (Emphasis supplied.)
Apparently the situation we have here is in principle identical with that before the court in Ratay v. Wylie, 147 Neb. 201, 22 N.W.2d 622, an appeal of a case originating in the Workmen's Compensation Court and tried in the District Court on the record made before the compensation court. When a case is tried in the District Court upon the record from a lower tribunal, that record must be certified as the bill of exceptions in accordance with the rules hereinbefore cited before it can be considered on appeal to this court. Ratay v. Wylie, supra.
As a part of his assignment of error No. (1) above, the defendant argues the unconstitutionality of section 60-430.01, R.R.S.1943. Even if we assume that assignment No. (1) is broad enough to cover that question, there is still nothing in the record, either in the transcript or the uncertified "bill of exceptions" to indicate this contention was ever called to the attention of and ruled upon by the trial court. For a question concerning the constitutionality of a statute to be considered in this court, it must be properly raised in the trial court. If it is not raised in the trial court, it may not be considered by this court. State v. Hert, 192 Neb. 751, 224 N.W.2d 188.
Affirmed.